SANGER BROS. v. J. T. ROBERTS.

No. 722. Decided November 28, 1898.

**1. Deed—Description—What Controls.**

The principle that, in case of a repugnancy between a particular description of a tract of land in a deed and a general description; the former will as a general rule, control, approved; but held inapplicable to facts of this case. (P. 316.)

**2. Same—Reference to Previous Deed.**

A judgment and deed in foreclosure described a tract of one acre in a square, and for "a better description" referred to a previous deed in which was conveyed, in addition to such acre tract, a smaller and adjoining one. The reference to the deed for description was insufficient to include the smaller tract also in the land foreclosed upon. (Pp. 316, 317.)

**3. Same—Mistake in Courses—Lines Inclosing Nothing.**

A judgment and sheriff's deed described a tract of land by four courses, with distances each of seventy yards,—the courses from the beginning point being, thence north, thence south, thence east, thence west to the beginning,—and referred, for "better description," to a previous deed in which the courses were north, east, south, and west, respectively. Held, that, if the mistake was not indeed so obvious as to make apparent the land intended, the description was aided by the reference to the previous deed, and was sufficient to identify the land. (Pp. 314-318.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Titus County.

Sanger Bros. sued Roberts in trespass to try title and recovered judgment, from which the latter appealed. The judgment being reversed and rendered in favor of appellant, Sanger Bros. obtained writ of error.

*J. M. Moore* (in Court of Civil Appeals), *D. A. Eldridge,* and *Coke & Coke,* for plaintiffs in error.—Where the defect of description is not so uncertain as to be incapable of being made certain by the use of extrinsic evidence, the description is sufficient, and when the intrinsic evidence is offered, if there is no doubt as to the identity of the land and

the sufficiency of the description, the court should so decide.　Brown v. Chambers, 63 Texas, 131; Broxon v. McDougal, 63 Texas, 193; Jones v. Powers, 65 Texas, 207; Bowles v. Beal, 60 Texas, 322; Cleveland v. Sims, 69 Texas, 153; Wilson v. Smith, 50 Texas, 369; Kingston v. Pickins, 46 Texas, 101; Giddings v. Day, 84 Texas, 605; Douthit v. Robinson, 55 Texas, 69; Birdseye v. Rogers, 26 S. W. Rep., 841.

Referring to the description contained in the deed from J. E. and C. J. Freeman and D. B. Jones to D. B. Meadors, of date October 27, 1894, for a better description (than that given by metes and bounds) in all of appellee's title papers, has the effect to incorporate such description in their title papers.　Brown v. Chambers, 63 Texas, 135; Martindale on Conveyancing, sec. 108.

Where the body of the land is sufficiently described to identify it beyond doubt, and control with sufficient certainty particular erroneous descriptions, the latter may be rejected to give effect to the former and uphold the deed.　Smith v. Chatham, 14 Texas, 322.

*W. P. McLean, B. Roston,* and *Sheppard & Jones,* for defendant in error.—If the description in the petition referring to the Freeman and James deed to Meadors can be considered by the court, then the metes and boundary description is superior to it.　See the following authorities supporting the legal proposition that where an instrument contains a description of a tract of land by metes and bounds, and also refers to another instrument as containing a description of the same tract of land, and there is a variance between the two descriptions, the description of the land by metes and bounds will control:　Cullers v. Platt, 81 Texas, 258; Koenigheim v. Miles, 67 Texas, 113; Cassidy v. Bank, 21 N. E. Rep., 372; Stark v. Spalding, 39 S. W. Rep., 234; Prentice v. Railway, 14 U. S., 997; Cummings v. Black, 25 Atl. Rep., 906; Jones v. Woolen Co., 27 Atl. Rep., 105; Brown v. Heard, 27 Atl. Rep., 182; Loan Assn. v. Bethel, 27 S. E. Rep., 29.

The reference to the deed of the Freemans and James to Meadors of October 27, 1894, in the original petition of foreclosure and the judgment rendered thereon and order of sale and sheriff's deed, are void, because said deed and its record were at that time and prior thereto destroyed by fire.　Brown v. Chambers, 63 Texas, 131.

If the ambiguity in the description of the judgment, order of sale, and sheriff's deed were latent, the court should have submitted the case to the jury.　Brown v. Chambers, 63 Texas, 131.　But if the ambiguity was patent, parol evidence was not admissible to explain it.　Beze v. Calvert, 20 S. W. Rep., 1130.

GAINES, CHIEF JUSTICE.—The following statement made by the Court of Civil Appeals, together with the following extracts from their opinion, show very clearly the nature of this suit and the questions we are called upon to determine:

"Appellees filed suit in the District Court of Titus County, Texas, on July 16, 1896, against the appellant, J. T. Roberts, and one D. B. Meadors and A. L. Forgatson, in an ordinary action of trespass to try title to the following described land, to wit:

"Situated in Titus County, Texas, about nine miles southwest from the town of Mount Pleasant, and being a part of the Mary Morris headright survey; beginning 22 yards from the gin situated on said survey, and known as the J. E. Freeman Bros.' gin, and 22 yards from the southwest corner of the said gin tract of land, a stake; thence north 36 yards, a stake; thence east 70 yards, a stake; thence south 36 yards, a stake; thence west 70 yards to the place of beginning.

"Also one acre out of the same survey, being 70 yards square, and adjoining the above tract on the south; that there is situated on said land a steam gin and grist mill, and the rental value of the same is $200 per month.

"Appellees then set out their claim of title in their petition, which was that they owned and claimed title to said land by purchase at sheriff's sale, under a judgment of the District Court of Morris County, rendered on April 10, 1896, which judgment foreclosed a vendor's lien against each and all of the defendants in this suit. Appellees then pleaded an error in the judgment of the District Court of Morris County as to the description of the land in the foreclosure suit, and seek a foreclosure on the land in controversy against each and all of the defendants. Appellees' prayer is for the title and possession of the land and for damages and costs; and in the alternative, that if the appellees did not acquire a good title to the lands herein sued for under the decree of the foreclosure suit in the District Court of Morris County, and the order of sale and the sheriff's deed, then for this court to declare said order of the District Court of Morris County, and the sheriff's deed for said land, and sheriff's deed to said appellees void, and set aside and annul same, and then to foreclose the vendor's lien on the land described in their petition as to all the defendants, and for a judgment against the defendant D. B. Meadors on the original debt for the land."

*        *        *        *        *        *        *        *

"After all the evidence was in, the court peremptorily charged the jury to find for the plaintiffs the land described in their petition; and to further find for the plaintiffs, against the defendant and the sureties on defendant's replevy bond, such sum as the proof shows is the reasonable value of the rent of said land from July 18, 1896. The jury found for plaintiffs for the land and $125 rents, and, in accordance with said verdict, the court rendered a judgment for the plaintiffs for the land described in plaintiffs' petition, against each and all of the defendants, and against the defendant J. T. Roberts and his sureties on his replevy bond the sum of $125 for the use and occupation of the premises from July 18, 1896, to date, and against the defendants for costs."

*        *        *        *        *        *        *        *

"Plaintiffs read in evidence a certified copy of the judgment rendered

in the District Court of Morris County on April 10, 1896, in the case of Sanger Bros. v. D. B. Meadors et al., foreclosing a vendor's lien, and said judgment described the land foreclosed on as follows: 'A part of the Mary Morris survey, situated near the town of Monticello, Titus County, Texas. Beginning at a stake west of the ginhouse in the D. B. James land; thence north 70 yards; thence south 70 yards; thence east 70 yards; thence west 70 yards to the place of beginning. A better description of which land is contained in the deed from J. E. and C. J. Freeman and D. B. James to D. B. Meadors, of date October 27, 1894, to which description reference is here made for a better description.'

"A diagram of the land described in said judgment, order of sale, and sheriff's deed, all offered in evidence, is as follows:

"B represents the place of beginning.

"The following diagram represents the land described in plaintiffs' petition in their foreclosure suit in Morris County:

"B represents the place of beginning, and is described in said petition as follows, to wit: 'It being a part of the Mary Morris survey, situated near the town of Monticello, Titus County, Texas, beginning at a stake west of the ginhouse in the D. B. James land, and thence north 70 yards; thence east 70 yards; thence south 70 yards; thence west 70 yards to the place of beginning. A better description of which land is contained in the deed from J. E. and C. J. Freeman and D. B. James to D. B. Meadors, or date October 27, 1894, to which description reference is here made for a better description herein.'

"The following diagram represents the tract of land sued for in this suit:

"The deed from the Freemans and James to Meadors seems to have been burned in the courthouse of Titus County in 1894, but each and all of the witnesses who testified in the case say that the description given in appellees' petition in this suit is the same description contained in the deed from the Freemans and James to Meadors, referred to in the petition in the foreclosure suit in the District Court of Morris County, judgment and order of sale, and sheriff's deed to appellees."

We note that in that portion of petition in this case which purports to describe the land sued for, the words "that there is situated on said land a steam gin and grist mill and the rental value of the same is $200 per month," are not found. The allegations are found in another part of the petition, where they are doubtless inserted with a view to recover rents. The correction is important only in view of the fact that the witnesses who identified the land conveyed by the deed from James and others to Meadors as being the same as that given in the petition most likely referred to that part of the petition only which purported to describe the premises for which the suit was brought.

We concur in the proposition announced by the Court of Civil Appeals, that when there is a repugnancy between a particular description of a tract of land in a deed and a general description, the former will, as a general rule, control. In other words, where the premises are described by metes and bounds and that is followed by a reference to some other writing for a further description, the latter can not ordinarily be looked to to enlarge the former.

But we are of the opinion that, in applying the rule, the court has given it too broad a scope. The petition in the foreclosure suit gives all the lines by proper courses and distances to embrace one acre of land in the form of a square, and then follows a reference to the deed to Meadors for "a better description." The proof showed that the Meadors deed contained a description of two parcels, a rectangle extending thirty-six yards north and south and seventy yards east and west; the other an acre seventy yards square lying south of and adjoining the tract

above described. There is clearly no repugnancy here. The description of a tract of an acre of the same shape and with lines running the same courses and distances is "contained in" the Meadors deed. It is perhaps a better description, because it may be better capable of being identified upon the ground by reason of the reference to the other parcel described in that conveyance. But that the reference to the Meadors deed does not enlarge the description in the petition in the foreclosure suit so as to embrace the first tract described in it we think too clear for argument. But we think it equally clear that if the judgment, order of sale and sheriff's deed had followed the description in the petition, the title to the parcel of one acre would have passed to the purchaser at the sheriff's sale.

But it is just here, as it seems to us, that the difficulty arises. In the judgment, order of sale, and in the sheriff's deed, the calls for the courses and distances of the boundary lines of the one acre parcel, taken literally, describe nothing. But it may be a question whether the mistake is not so obvious as to make apparent the land which was intended to be designated. Coffey v. Hendricks, 66 Texas, 676. It is clear, we think, that the mistake is as to the course of some of the lines and not as to the length of either. The first call is from the beginning point north seventy yards, and the second is from the point so reached south seventy yards; from which it is evident that there is a mistake in the call for the course of the second line. So if we reverse the calls, we would run east from the point of beginning, west seventy yards, and back east the same distance along the same line. We have at all events the first line well established, and probably the last; and we know the length of all the lines. If we have the two lines established, as the diagram given by the court would show them, then, in order to complete the survey by two other lines each of the length of seventy yards and make the field notes close, it would be necessary to run from the north end of the first line east seventy yards, and from the east end of the last, north the same distance. In no other manner could we construct a quadrangle of four sides of seventy yards each upon the lines so established. But if on the other hand it should be held that the last line is not fixed, then it would seem there is enough in the description to show that the intention was to project a square extending east upon the established first line. All the calls run to the cardinal points of the compass, and there is no call running west of that line, while there is one to run east. It would seem, therefore, from the face of the description itself, that in copying the field notes the clerk made a mistake in the second call by writing "south" instead of "east;" and in the third by writing "east" instead of "south." Whether the mistake is so obvious that the field notes should be held to correct themselves is a question, however, which we do not find it necessary to determine. If not, the reference to the deed to Meadors makes clear what was before obscure. It describes the land "as an acre seventy yards square adjoining the above tract on the south." The "above tract" referred to is approximately a half acre, the south boundary of which is

seventy yards long and extends directly east and west. With the aid of that description, no person of ordinary intelligence could fail to see what land was attempted to be described by the purported field notes in the judgment of foreclosure and to fix its identity with certainty. If the defendant in that suit had thought that his land, by reason of the blunder in the description, would bring less at the sheriff's sale than it ought to bring, he could have had the judgment entry amended and the land described as it was described in the petition in that suit. If his land was sold for an inadequate price and the inadequacy was traceable to the manner in which the land was described in the decree, he might have had the sale set aside in a direct proceeding brought for that purpose. But he can not take advantage of the irregularity in the description in a collateral attack.

Because the trial court charged the jury to find a verdict for the plaintiffs for all the land described in their petition, and because the Court of Civil Appeals adjudged that they should take no part of it, the judgment of each is reversed and the cause remanded.

*Reversed and remanded.*