MARY F. BOYCE v. JACOB HORNBERGER ET AL.

Decided May 13, 1902.

**Execution Sale—Sheriff's Deed—Description of Land.**

Where a sheriff's deed conveyed all the right, title, and interest of the defendant in execution in and to 2300 acres of land, forming a part of the Benjamin Page survey, and extrinsic evidence showed that the defendant owned at the date of the levy and sale an undivided one-half interest in not less than 2849 acres of the survey, after deducting what had been previously sold to others, such description was insufficient to identify the land attempted to be conveyed. Had the deed purported to convey all the interest of defendant in the Page survey, estimated at 2300 acres, or the evidence shown that he owned a segregated tract of 2300 acres of the survey, the description might have sufficed.

Appeal from Harris.   Tried below before Hon. Chas. E. Ashe.

*H. & A. R. Masterson,* for appellant.

*W. C. Oliver,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title to a tract of 200 acres of land, a part of the Benjamin Page 4169.6 survey in Harris County. Robert P. Boyce is common source of title. The survey was patented to J. W. White, assignee. On February 2, 1847, White conveyed the entire survey to Robert P. Boyce. On October 19, 1850, Robert P. Boyce conveyed to William Bloodgood 1000 acres out of the southwest portion of the survey, described by metes and bounds. On December 15, 1853, Boyce conveyed to George Mc-

Dougal a tract of 320 acres to be taken out of the southeast corner of the Page survey, said tract to be square in form and to commence at the southeast corner of said original survey. This deed was recorded November 25, 1857. On June 5, 1856, Robert P. Boyce conveyed to Eugene Pillot the tract of 200 acres of land in controversy in this suit. The appellee Mrs. Zeolie Hornberger, who is the wife of appellee Jacob Hornberger, is the sole devisee of Eugene Pillot, who died some time prior to the institution of this suit. Appellant, whose maiden name was Mary F. Hogan, married Robert P. Boyce, April 28, 1855.

On December 1, 1854, the sheriff of Harris County executed a deed to Wm. M. Rice conveying "all of the right, title, and interest of Robert P. Boyce in and to 2300 acres of land, a part of the Benjamin Page headright, and conveyed by him to John W. White, and by White to Boyce, and for further description reference is made to Harris County record of deeds." This deed recites that a judgment was rendered in Justice Court of Harris County on September 2, 1854, in favor of Groesbeck and Rice and against R. P. Boyce, Edwin P. Williams, and Jackson Martin for $92.69 debt, $5.69 interest, and $1.85 costs; that an execution was issued on said judgment, October 1, 1854; that the said Robert P. Boyce pointed out to the officer the land above described and the same was levied upon and sold under said execution, after advertising the sale as required by law, at the courthouse door of said county on the first Tuesday in December, 1854, between the hours of 10 a. m. and 4 p. m.; that W. M. Rice offered for said land the sum of $110, and same being the highest and best bid, the said Rice was declared the purchaser and had paid the said amount of $110 as consideration for said land. This deed was acknowledged March 10th, and recorded March 21, 1855. On March 19, 1855, W. M. Rice conveyed to appellant all his right, title, and interest in the land purchased by him at said sheriff's sale, said sheriff's deed, together with the deeds from Page to White and from White to Boyce, being referred to for a description of the land conveyed.

On June 16, 1854, in a partition suit brought by Benjamin Page, as next friend of the two minor children of Robert P. Boyce, it was decreed that said children owned an undivided one-half of 3000 acres of land in the Benjamin Page survey, and that Robert Boyce owned the other one-half of said 3000 acres, and commissioners were appointed to partition said land and other property belonging to the community estate of said Boyce and his deceased wife. These commissioners made partition of said estate, and by their report filed in said cause and approved by the court on December 16, 1854, they allotted to said minors 765 acres of land off the eastern portion of the Benjamin Page survey, and to Robert P. Boyce 2235 acres, the balance of said Page survey. J. O. Davis and J. J. Gillespie, both of whom are experienced surveyors, testified for appellant that by platting off the 1000 acres tract sold to Bloodgood the 320-acre tract sold to McDougal and the 765 acres set apart to the minor children of Robert P. Boyce, there would remain as the balance

of said Page survey a tract of 2084 acres, which would include the 200 acres sued for, and that this 2084 acres could be identified and located upon the ground.

It was shown that the records of the Justice Court in which the judgment in the case of Groesbeck and Rice v. Boyce et al. was rendered and all the papers in said cause could not be found and were lost or destroyed. For the purpose of showing an outstanding title the appellees introduced in evidence a deed from Benjamin Page to Lydia Page, dated June 25, 1842, conveying the Benjamin Page headright league lying on Cypress Creek, in Harris County. This deed recites a consideration of $1000, and was recorded in Harris County on October 12, 1843. The certificate for the Page headright survey patented to J. W. White was located prior to the execution of the deed from Benjamin Page to Lydia Page. No such possession of the land by appellants was shown as would entitle them to prescribe under any of the statutes of limitation. The case was tried by the court below without a jury and judgment was rendered for defendants. No conclusions of fact and law appear in the record, but the judgment recites that the plaintiff failed to establish title to the land sued for as against the defendants.

We think the judgment should be affirmed, because the description in the sheriff's deed under which appellant claims, when applied to the land shown by the undisputed extrinsic evidence to have been owned by Robert Boyce in the Benjamin Page survey at the time of the sheriff's levy and sale, is insufficient to identify the land attempted to be conveyed. The deed is not void upon its face for insufficiency of description, and if the extrinsic evidence offered by appellant had shown that at the time of such levy and sale Boyce owned a segregated tract of 2300 acres on the Page survey the description in said deed would have been sufficient to pass the title to whatever interest he owned in said 2300-acre tract. Herman v. Likens, 90 Texas, 448.

The undisputed evidence shows that at the date of the levy and sale Boyce owned an undivided one-half interest in not less than 2849 acres of the Page survey. At the time of the levy and sale no partition had been made between Boyce and his children and he owned one-half interest in all of the Page survey, except the two tracts sold to Bloodgood and McDougal. Subtracting the quantity of land in these two tracts, to say, 1320 acres, from the quantity contained in the Page survey, there remained a balance of 2849.6 acres. Admitting that these 2849 acres could be easily identified by establishing the lines of the Bloodgood and McDougal tracts, there was no way in which the purchaser could identify the specific 2300 acres in which the interest of Boyce was attempted to be sold. We think the sheriff's deed clearly purports to convey the interest of Boyce in 2300 acres on the Page survey, and not his interest in said survey, estimated at 2300 acres. Such being the description of the land levied upon and sold, how, under the evidence in this case, could a bidder know what land was being offered for sale? The purchaser could probably have ascertained without unreasonable trouble that Boyce'

owned a one-half interest in all of the Page survey remaining after the sale of the tracts to Bloodgood and McDougal, and that this balance amounted to 2849 acres, but there was no possible way in which he could have ascertained out of what portion of the 2849 acres the 2300 acres in which Boyce's interest was sold was to be taken.

The fact that after the sheriff's sale the interest of Boyce in the Page survey was segregated, and by the partition decree he was allotted a specific tract of 2235 acres, can not aid the description in the deed, because the law requires that when land is sold by one who acts in hostility to the owner it must at the time of such sale, from the description of the land levied upon, be within the power of all who are entitled to become bidders to know what property is offered for sale. The description of land levied upon and sold by a sheriff must not be so uncertain and indefinite as to leave to surmise or guess what the officer intended to sell. The evidence shows that the community estate of Boyce and his deceased wife consisted of other property of greater value than the interest of said estate in the Page survey, and it was impossible to have known at the time of the sale by the sheriff what, if any, portion of the Page land would be allotted to Boyce. The uncertainty in the description of the land attempted to be surveyed existing at the time the deed was executed could not be cured by showing that facts subsequently occurred which vested title in Boyce to a specific portion of the Page survey containing approximately the same quantity of land as the tract mentioned in the deed. The interest of a defendant in execution can not be sacrificed or exposed to sacrifice by selling his property under a description so uncertain as to render it impossible for bidders to know what they are buying, and thereby probably deterring them from offering a fair value for the property. Wofford v. McKenna, 23 Texas, 36; Norris v. Hunt, 51 Texas, 609; Wooten v. Arledge, 54 Texas, 395; Pfeiffer v. Lindsay, 66 Texas, 123; Herman v. Likens, 90 Texas, 448.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.