## D. L. Gallup et al. v. W. W. Flood et al.

### Decided June 8, 1907.

**1.—Sheriff's Deed—Sufficient Description.**

The rule that a more definite description is necessary to the efficacy of a sheriff's deed than to a voluntary deed has long since been discarded. Evidence considered, and held sufficient to support a sheriff's deed.

**2.—Same.**

If the description in a sheriff's deed of the land sold though good, is so misleading as to have affected the price brought at the sale, the aggrieved defendant should by a timely proceeding brought for that purpose, have the sale set aside and the land resold upon a better description.

Appeal from the District Court of Jasper County. Tried below before Hon. W. B. Powell.

*Terry, Cavin & Mills* and *J. T. Beaty,* for appellants.

*W. D. Gordon,* for appellees.

GILL, Chief Justice.—This action in trespass to try title was brought by W. W. Flood and his coplaintiffs to recover of D. L. Gallup, R. H. Woodworth and the East Texas Oil Company an undivided ¾ interest in 508 acres of land, the south end of the Joseph Conn one-third league survey in Jasper County. Beginning at N. Bouton's corner on Robert Laird's east line. Thence east 2102 varas with N. Bouton's line. Thence north 1 deg. east 1492 varas. Thence west across the Conn survey 2102 varas to an intersection with Laird's east line. Thence south with his east line to the beginning. Upon the death of W. W. Flood his heirs made themselves parties plaintiff.

The defendants answered by general denial and pleaded limitation of three, five and ten years. As affirmative relief they prayed that the plaintiffs' claim be removed as a cloud upon their title. No evidence was offered on the issue of limitation.

A trial without a jury resulted in a judgment for plaintiffs and defendants have appealed. The facts are as follows: All parties claim under R. C. Doom as common source. In 1869 R. C. Doom sold and conveyed the land to H. C. and Ira Pedigo, W. W. Flood and John L. Graham. The deed recited a cash consideration, but as a matter of fact the vendees executed their promissory note to R. C. Doom in the sum of $508 for the purchase

money. R. C. Doom assigned the note to his son, D. W. Doom, who in 1873 or 1874 sued the vendees on the note asserting an equitable lien on the land to secure its payment. In that suit he procured a judgment for the amount of the note, interest and costs with decree of foreclosure of his lien. An order of sale was duly issued, the land sold, D. W. Doom became the purchaser, the amount of his bid was credited on the judgment and the sheriff made him a deed. The present defendants own such interest as D. W. Doom acquired by the sheriff's sale.

The plaintiffs own in the proportions for which they sue such interest in the land as did not pass by the attempted foreclosure and sale.

The judgment, order of sale and papers in the case were destroyed by fire in 1875.

The published citation, much mutilated, and the deed of the sheriff to D. W. Doom were adduced in evidence. Also the original draft of the judgment prepared by D. W. Doom to be copied by the clerk into the minutes of the court was adduced, in which the land was referred to as "a certain tract of land situated in the County of Jasper, State of Texas, a part of the headright of Joseph Conn and bounded as follows, to wit: Beginning at N. Bouton's corner (the clerk will here insert the remainder of the description of the land as in plaintiffs' petition)."

D. W. Doom testified in this case and upon this point stated in substance that he read over the judgment as entered by the clerk and while he had no independent recollection after this lapse of time of its contents he knows that he noticed nothing wrong with it.

From a newspaper in which the citation and copy of petition was published for W. W. Flood the following description was adduced, after the general statement that it was a part of the headright of Joseph Conn and the land sold by R. C. Doom to the two Pedigos, Flood and Graham:

"Beginning at N. Bouton's corner on Robert Laird's east boundary line. Thence east with N. Bouton's line at 2102 varas a post for second corner. Thence west across said Conn headright 2102 varas to the fourth corner of this tract on Robert Laird's east boundary line. Thence south 1492 varas to the place of beginning, containing 508 acres more or less."

The certified copy of the sheriff's deed to D. W. Doom, after referring to the judgment and order of sale as his authority, describes the land as "a certain tract of land situated in Jasper County, State of Texas, a part of the headright of Joseph Conn and bounded as follows, to wit: Beginning at N. Bouton's corner on Robert Laird's east boundary line. Thence east with N. Bouton's line, at 2102 varas a post for second corner. Thence north 1 degree with Bouton's line at 1492 varas to the place of beginning, containing 508 acres of land more or less. Lands and tenements of the said Ira Pedigo, H. C. Pedigo, Wm. W. Flood and John L. Graham to make certain monies in said order of sale specified."

It was shown that the four defendants in that suit owned no

other such tract on the Conn survey than the 508 acre tract bought by them from Doom.

It was shown that a short time after the execution of the sheriff's deed one of the Pedigos paid Doom his part of the costs of that suit. It also appeared from the draft of the judgment that all the defendants, except Flood, appeared in that suit and withdrew their answers, suffered the judgment without contest and the effectiveness of the sale has not been questioned until the institution of this suit.

The court found as a fact that the land in question was sold and conveyed by R. C. Doom, as stated, in 1869. That his son sued on the note and prayed for a foreclosure on that land, but he predicated his judgment upon the statement that he could not find from the evidence that the judgment contained a description of the land and held that the description in the sheriff's deed was void.

The appellants by appropriate assignments assail the judgment first, because the description in the sheriff's deed is sufficient, and second, because the sheriff's deed was not necessary to the passing of the title, and under the facts it will be conclusively presumed that the judgment and order of sale contained a sufficient description. We are of opinion that upon both these grounds the judgment is erroneous.

Let us inquire what we can get from the face of the sheriff's deed and its necessary references. He had, according to that instrument, levied upon, sold and undertook to convey the land upon which the lien had been asserted. It was a 508 acre tract belonging to the four defendants in that suit. It was situated in the south end of the Conn survey and adjoined the lands of Bouton and Laird. The deed gives the length and width of the tract. The face of the instrument clearly shows the clerical omission of two calls, but it was the land conveyed by Doom to the four defendants and the facts showed that that was the only such tract they owned. It is therefore clear to our minds that the deed furnished ample means for the identification of the land. The rule that more definite description is necessary to the efficacy of a sheriff's deed than to a voluntary deed has long since been discarded. Hermann v. Likens, 90 Texas, 452; Pierson v. Sanger, 93 Texas, 162.

If a description though good in such a deed is so misleading as to have affected the price brought at the sale the aggrieved defendant may, by a timely proceeding brought for the purpose, set aside the sale and have it resold upon a better description, but this is not such a proceeding. This was distinctly held in Sanger v. Roberts, 92 Texas, 317. It is also intimated in that case that such a mistake as the one here in question may be so obvious as to correct itself, and we think when the facts are considered with it the correction is easily made. The principal error of the court was in concluding that he was not justified in finding that the judgment of foreclosure contained proper description.

All the papers and records in the cause were destroyed by fire

in 1875. No man is able to say at this late day just what description the judgment and order of sale contained. After 40 years of acquiescence every inference will be indulged in favor of the validity and regularity of those proceedings. Logan v. Pierce, 66 Texas, 126. In this case the facts which authorize that presumption are peculiarly strong for three out of four of the defendants appeared and withdrew all contest. The clerk was authorized to carry into the judgment the description contained in the petition and the presumption is he did his duty. Even with the confused calls appearing therein, as evidenced by the published copy, the description therein taken all together is ample to identify the land. There is an utter absence of anything to reflect upon the accuracy of this conclusion.

Under the undisputed facts we regard that presumption as conclusive and so believing, it is ordered that the judgment of the trial court be reversed and judgment be here rendered for appellants.

*Reversed and rendered.*

Writ of error refused.