WATERHOUSE et al. v. GALLUP et al.†
(No. 6715.)

(Court of Civil Appeals of Texas. Galveston. Feb. 4, 1915. On Motion for Rehearing, June 30, 1915.)

1. DEEDS ⬡139—EXCEPTIONS—UNCERTAINTY.
The only uncertainty in the description in a deed being in an attempted exception, the exception fails, and not the grant.
[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 458, 459; Dec. Dig. ⬡139.]

2. DEEDS ⬡38—JUDICIAL SALES ⬡61—SUFFICIENCY OF DESCRIPTION.
A deed is not void for insufficiency of description, unless, from an inspection of the deed, it appears the description is so indefinite and uncertain that it cannot by extrinsic evidence be made to apply to any definite land; and this whether the sale be judicial or voluntary.
[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 65–79; Dec. Dig. ⬡38; Judicial Sales, Cent. Dig. §§ 119–122; Dec. Dig. ⬡61.]

3. TENANCY IN COMMON ⬡3—CREATION.
A deed of a stated number of acres, not described, out of a certain survey, in which the grantor owns several tracts, containing a greater number of acres, conveys an undivided interest, represented by a fraction, whose denominator is the number of acres owned by the grantor, and whose numerator is the number of acres stated in the deed.
[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 5–17; Dec. Dig. ⬡3.]

4. APPEAL AND ERROR ⬡1050—HARMLESS ERROR—ADMISSION OF EVIDENCE.
Admission of evidence immaterial to the only issue, and which could not have affected the result, is harmless.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ⬡1050.]

On Motion for Rehearing.

5. TENANCY IN COMMON ⬡3—CREATION—ADMINISTRATOR'S DEED.
The rule that a deed of a stated number of acres, not described, in a survey in which the grantor owns several tracts, embracing more, conveys an undivided interest, applies to an administrator's deed, where the estate owns more therein.
[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 5–17; Dec. Dig. ⬡3.]

6. EXECUTORS AND ADMINISTRATORS ⬡397—SALE OF ACRES—INTEREST CONVEYED.
An administrator's deed of a certain number of acres, not described, in a survey in which the estate owns more, in several tracts, does not convey all it owns, but only an undivided interest, though the administrator thought the estate owned therein only the number of acres advertised, sold, and named in the deed.
[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1598–1604; Dec. Dig. ⬡397.]

7. EXECUTORS AND ADMINISTRATORS ⬡397—SALE OF LAND—NUMBER OF ACRES—CLERICAL MISTAKE.
The application and order for sale by an administrator being for 2,081 acres in a certain survey, the figures "2,031" in the order of confirmation and the deed will be considered a clerical error; this being more probable than a sale of less than ordered.
[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1598–1604; Dec. Dig. ⬡397.]

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

Two suits consolidated, one by W. W. Waterhouse and another against David L. Gallup and another, S. H. Worden and another intervening, the other by said Gallup and another against said Worden and others. From portions of the judgment said Waterhouse and another and said Gallup and another appeal. Reformed and affirmed in part; and reversed and rendered in part.

T. L. Foster, of Beaumont, W. B. O'Quinn, of Lufkin, King & King, of Nacogdoches, and G. P. Dougherty, of Houston, for appellants. Terry, Cavin & Mills, of Galveston, and Sam R. Sayers and T. W. Jordan, both of Lufkin, for appellees.

PLEASANTS, C. J. This appeal is prosecuted from a judgment rendered in two suits of trespass to try title brought in the district court of Angelina county, which were consolidated and tried as one suit. The first suit was brought by appellants W. W. Waterhouse and Richard Waterhouse against the appellees David L. Gallup and the East Texas Oil Company to recover two tracts of land on the B. X. Mudd league in Angelina county, which are fully described in plaintiffs' petition; one of said tracts containing 1,731 acres and the other 350 acres. In this suit the defendants answered by general demurrer, general denial, and plea of not guilty. S. H. Worden and G. A. Worden, heirs of Joseph Worden, deceased, intervened in this suit, claiming title to 100 acres of land alleged to have been reserved in the deed to Richard Waterhouse, Jr., the ancestor of plaintiffs under whom they claim. To this petition in intervention plaintiffs answered by plea of not guilty. Thereafter the appellees David L. Gallup and the East Texas Oil Company brought suit in said court against T. J. Worden, S. H. Worden, G. A. Worden, Jack Mott, and John Mott for the recovery of three tracts of land on the B. X. Mudd league; two tracts being the same described in the petition in the suit first mentioned, and the third being a tract of 100 acres, said three tracts being fully described in the petition of plaintiffs Gallup and the East Texas Oil Company. In this second suit the defendants Worden answered by plea of not guilty, and specially pleaded that the three tracts of land sued for by plaintiffs were community property of John Worden and Letha Worden and were conveyed to Richard Waterhouse, Jr., under whom plaintiffs claim, by John Worden after the death of said Letha Worden, and her title did not pass by said deed, and that said defendants, who are the heirs of said Letha Worden, are the owners and entitled to recover an undivided one-half of said lands. The defendants Mott failed to appear. These suits were consolidated by agreement of all parties. The trial in the

court below without a jury resulted in a judgment that plaintiffs, W. W. Waterhouse and Richard Waterhouse, take nothing by their suit; that David L. Gallup and the East Texas Oil Company recover of and from all the other parties to said suits the two tracts of land of 1,731 and 350 acres, respectively; and that the interveners Worden recover of all of the other parties to the suits the tract of 100 acres of land described in the pleadings. Plaintiffs Waterhouse have appealed from this judgment, and defendants Gallup and East Texas Oil Company have also appealed from that portion of the judgment awarding interveners Worden 100 acres of the land in controversy.

The record discloses the following facts: John Worden is the common source of the title under which all the parties claim. In 1867 he conveyed to Richard Waterhouse, Jr., the three tracts of land involved in this suit. This deed is as follows:

"The State of Texas, County of San Augustine.

"Know all men by these presents: That I, John Worden of the county and state aforesaid for and in consideration of the sum of one thousand dollars ($1,000) to me in hand paid by R. Waterhouse, Jr., the receipt whereof is hereby acknowledged and acquittance is fully granted, have bargained and sold and by these presents do grant, bargain, and sell unto the said R. Waterhouse, Jr., three several tracts of land situated in Angelina county, Texas, and a part of the headright of the B. X. Mudd and better known as the league on which the town of Calhoun is situated, viz., seventeen hundred and thirty-one acres of land off of said headright and bounded on the northwest by L. Swift line; thence north by the Angelina river; thence on Calhoun; thence on Stanley's line so as to include 1,731 acres; also three hundred and fifty acres of land off of said league, to wit: Running with the south and west lines of said league survey so as to include three hundred and fifty acres of land; and one hundred acres of land immediately below and adjoining the town of Calhoun off of said league and beginning at the town corner of the ten acre tract of land off of said headright league conveyed to said Worden by J. A. Lawhon, containing one hundred acres and also one-half of the following described tract or parcel of land (the upper half) to include the ferry known as Worden ferry and the fixtures, to wit: Part of the headright survey of B. W. Harvey in San Augustine county on the east side of the Angelina river, commencing at the mouth of the creek near the ferry and running up the creek forty rods and to be run in a square form so as to include all the improvements of said Worden, the said Worden reserves the town half containing a cotton factory, and together with all and singular the rights, members, hereditaments and appurtenances. To have and to hold all and singular the premises above mentioned (save and except one hundred acres heretofore sold to Joseph Worden) unto the said Richard Waterhouse, his heirs and assigns forever, and I do hereby bind myself and my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said R. Waterhouse, Jr., his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"In testimony whereof, I hereto set my hand and scroll for seal this the 24th day of June, A. D. 1867.    John Worden. [Seal.]

"Signed, sealed, and delivered in the presence of

"F. H. Dixon.
"B. F. Price."

The foregoing deed was filed for record in San Augustine county, Tex., June 24, 1867, and recorded in Book J, p. 686, of the deed records of said county.

Richard Waterhouse, Jr., died prior to July, 1876, and on July 29, 1876, B. R. Wallace and H. H. Johnson were appointed administrators of his estate by the probate court of San Augustine county and duly qualified as such. The inventory of the estate filed by the administrators on August 25, 1876, shows among other lands listed as the property of the estate the following:

"B. X. Mudd headright, Angelina county, 1,-800 acres, value $450."

The estate was indebted to various persons; the aggregate amount of the claims allowed by the administrators and approved by the court being about $25,000. On December 6, 1878, the administrators applied for an order authorizing them to sell lands of the estate for the purpose of paying its debts. With other lands which they asked to be authorized to sell, the application describes 2,081 acres on the Mudd survey as follows:

"2,081 acres B. X. Mudd survey, Angelina county."

The notice issued upon this application, the order of sale made on January 20, 1879, and the advertisement or notice of sale contains the same description of the land. The report of sale made by the administrators in March, 1879, shows, among other lands of the estate sold in accordance with said order of sale:

"That 2,031 acres B. X. Mudd original grantee in Angelina county was sold to T. W. Blount and W. C. Ray for $33."

The order of the probate court confirming the sale gives the same description of the land. The deed from the administrators to Ray and Blount, executed on April 1, 1879, after referring to the order of sale authorizing the sale of "2,031 acres of the B. X. Mudd headright in Angelina county," and the report of sale and order of confirmation before mentioned, describes the land conveyed as follows:

"The aforesaid two thousand and thirty acres of land lying and being situated in Angelina county, Texas, it being a part of the B. X. Mudd survey and to be taken from the three tracts of land on said survey, which said three tracts of land were conveyed by B. X. Mudd to John Worden on the 20th day of January, A. D. 1840, and by said Worden conveyed by Richard Waterhouse, Jr., on the 24th day of June, A. D. 1867, the said three tracts of land are described in the deeds referred to as follows: All on the B. X. Mudd survey in Angelina county, Texas, the first containing seventeen hundred and thirty-one acres bounded on the N. W. by L. Swift's land; thence N. by the Angelina river; thence to Calhoun; thence on Stanley's so as to include (1,731) acres; the second containing three hundred and fifty acres running with the south and west lines of said league surveyed so as to include three hundred and fifty acres of land, and one hundred acres of land immediately below and adjoining the town of Calhoun, beginning at the lower corner of the ten acre tract of land of said league conveyed to John Worden by J. C. Lawhon."

No question is made as to the sufficiency of the description in the deed from John Worden to Richard Waterhouse, Jr., to identify the several tracts of land thereby conveyed, and the three tracts on the B. X. Mudd league described in the administrator's deed above set out can be identified and located on the ground from the description contained in said deed.

Appellants Waterhouse contend that the conveyance from the estate of Richard Waterhouse to Blount and Ray, under whom appellees Gallup and East Texas Oil Company claim, did not pass title to any land, because the application, order of sale, report of sale, order of confirmation, and deed of the administrators are each and all void because the description contained in each is insufficient to identify the land attempted to be conveyed.

Each of these orders and documents, when offered in evidence in the court below, was objected to by appellants upon the ground above stated. The administrator's deed was objected to on the further ground that it was not supported by a valid order of sale or order of confirmation. In their appeal from that portion of the judgment awarding appellees Worden 100 acres of the land in controversy, appellees Gallup and East Texas Oil Company contend that the attempted reservation in the deed from John Worden to Richard Waterhouse of 100 acres of land was ineffectual because the description of said 100 acres intended to be reserved is insufficient in itself to identify said 100 acres, and no evidence was offered tending to identify any land conveyed by John Worden to Joseph Worden, and further because an attempted exception in the habendum clause of a deed from the estate conveyed by the granting clause is void, and all of the estate described in the granting clause passes by the deed.

[1] Since the decision of the question presented by the appeal of Gallup and East Texas Oil Company is of some importance in determining the questions presented by the appellants Waterhouse, we will first state our conclusions as to the sufficiency of the reservation in the deed from John Worden to Richard Waterhouse, Jr. It goes without saying that the exception contained in the habendum clause of the deed before set out does not in itself show any title in Joseph Worden to any of the land described in said deed, and, in the absence of any other evidence tending to show that a conveyance of 100 acres of said land had been made to Joseph Worden and identifying the land so conveyed, the attempted exception must fail. Mr. Devlin in his work on Deeds (3d Ed.) § 1013 (c), states the rule as follows:

"If the land conveyed described as an entire tract, excepting a parcel described, and the description of the parcel in the exception, is vague and uncertain, the uncertainty will affect the exception only, and that will fail and not the grant. Thus, where the land was described as: 'All that certain piece and parcel of land lying and being in the county of Mobile, and state of Alabama, in township No. 7 south, of range No. 3 west, and part of the southeast quarter of the northwest quarter of section No. 26, in said township and range, and containing thirty-nine acres and 33¼ hundredths. The above piece or parcel of land includes the whole of the southeast quarter of the northwest quarter of section No. 26, in said township, less 66¾ hundredths of an acre'—the grant is valid, as the uncertainty is in the exception only. The same is true, where the deed describes a tract of land, 'less 80 acres,' previously sold. The uncertainty affects the exception only."

It was the clearly expressed intention of the grantor in this deed to pass title to the whole of the three definitely described tracts described therein, less the uncertain and indefinite exception. The only uncertainty in the description in the deed is in the attempted exception, and it is well settled that in such case the exception will fail and not the grant. De Roach v. Clardy, 52 Tex. Civ. App. 233, 113 S. W. 22. The attempted exception being ineffectual because it is not shown to apply to any definite or ascertainable portion of the land conveyed by the deed, it is unnecessary to decide whether a definite description of property attempted to be excepted from a conveyance contained only in the habendum clause of a deed would be effectual. If the deed, construed as a whole, clearly evidences the intention of the grantor to except from the conveyance a certain and definite part of the land described in the granting clause, we do not think such intention should be defeated because of the position it occupies in the instrument. We think the deed from John Worden to Richard Waterhouse passed the title to all of the land therein described to said Waterhouse.

[2] We come now to a consideration of the question of whether the proceedings in the probate court and the deed of the administrators of the estate of Richard Waterhouse, Jr., were sufficient to pass the title of said estate to any portion of the land owned by the estate on the B. X. Mudd league and described in the deed from the administrators to Blount and Ray.

In determining the question of whether the description of land contained in a conveyance is void for uncertainty, the test is whether the land can, by the aid of extrinsic evidence, be identified from the description given in the conveyance. A very brief description is often sufficient to identify an object. If one owns only one farm or one tract of land of 100 acres, a deed by such person describing the land sold as "my farm or my tract of 100 acres," and giving the county in which it is situated, sufficiently describes the land. The application of the description to the land conveyed by a deed must always be shown by extrinsic evidence. In the case supposed, when it is shown that the grantor in the deed owns only one farm or one tract of 100 acres in the county named, and the

boundaries of the farm or tract of land are known and established, the description in the deed identifies the land sold with absolute certainty, and this would be true if the conveyance was of any named undivided interest in the farm or tract of land. Unless, from an inspection of the deed, it appears that the description is so indefinite and uncertain that it cannot by extrinsic evidence be made to apply to any definite land, the deed is not void for insufficiency of description. Wilson v. Smith, 50 Tex. 365; Hermann v. Likens, 90 Tex. 448, 39 S. W. 282; Pierson v. Sanger, 93 Tex. 163, 53 S. W. 1012. This rule is applicable to judicial as well as to voluntary sales. In sales of the former character, a description, though sufficient to identify the land, may be so meager or misleading as to affect the price brought at the sale, and in a direct proceeding brought for that purpose would be ground for setting the sale aside. Sanger v. Roberts, 92 Tex. 317, 48 S. W. 1; Gallup v. Flood, 46 Tex. Civ. App. 644, 103 S. W. 426.

[3] In the instant case the application, order of sale, advertisement, report, and order of confirmation of sale all describe the land as so many acres belonging to the Richard Waterhouse estate on the B. X. Mudd league, in Angelina county. If there was no discrepancy between the number of acres named in the order of sale and the number stated in the report and confirmation of sale, and the extrinsic evidence showed that the Waterhouse estate owned only one tract on said league of the number of acres stated, there could be no question of the sufficiency of the description. McBee v. Johnson, 45 Tex. 641; Davis v. Touchstone, 45 Tex. 497.

In so far as the difference in the acreage stated in the two orders are concerned, we do not think it material in determining the sufficiency of the description. We can see no reason for holding an administrator's sale void because the administrator sold and the court confirmed the sale of only a portion of the land ordered sold and advertised for sale.

Under our construction of the deed from John Worden to Richard Waterhouse, Jr., as we have before stated, the estate of said Waterhouse owned at the time of the sale under the orders of the probate court the three tracts of land described in said deed, aggregating 2,181 acres. The evidence shows that this was all of the land owned by the estate on said league. It will be observed that the sale was not of a tract of land containing a certain number of acres, but of a stated number of acres on the Mudd league. If a person owning a large tract of land, the location and boundaries of which are known and defined, conveys to another a certain number of acres on or out of such larger tract without further describing or identifying the land sold, we think the deed should be held to convey an undivided interest in the larger tract proportionate to the acreage conveyed and that contained in the larger tract. If not so construed, nothing would pass by such a deed, and, when a deed or contract is reasonably susceptible of a construction which would make it valid and binding, that construction should be given it rather than one which would render it void.

We think the conveyance in this case is distinguishable from that construed in the cases of Dull v. Blum, 68 Tex. 299, 4 S. W. 489, and Hanrick v. Gurley, 93 Tex. 470, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330. The deed in each of these cases, when construed as a whole, clearly shows that it was not the intention of the grantor to convey an undivided interest in the tract of land described in the deed, but a specific tract to be selected by the grantee out of said larger tract described in the deed. The holding in those cases that the deeds, though in form a present conveyance of title were in fact only contracts to convey when a selection in accordance with the terms of the deed should be made by the grantee, should not be applied to the conveyance in this case. The rule announced in the case of Dohoney v. Womack, 1 Tex. Civ. App. 362, 20 S. W. 951, is, we think, the correct rule to follow in this case. The rule is thus stated in the Dohoney Case:

"We are of opinion that the courts of Massachusetts and California, and doubtless of other states, have announced the correct rule, which may be stated thus: When a deed conveys a certain number of acres, without describing the land conveyed, to be taken out of a larger tract described, the grantee becomes, by his deed, a tenant in common, having a fractional interest, represented by a fraction whose denominator is a number equal to the number of acres in the larger tract described, and whose numerator is a number equal to the number of acres conveyed. The grantee acquires such fractional interest in every acre of the larger tract. Wallace v. Miller, 52 Cal. 655; Lawrence v. Ballou, 37 Cal. 518; Schenk v. Evoy, 24 Cal. 104; Gibbs v. Swift, 12 Cush. [Mass.] 397, 398; Brown v. Bailey, 1 Metc. (Mass.) 254."

If a conveyance of an undescribed stated number of acres out of a large tract is a conveyance of an undivided interest in such tract proportionate to the acreage conveyed and that contained in the large tract, we think the same construction should be given to a conveyance of a stated number of acres out of two or more tracts owned by the grantor.

[4] The remaining assignments of error, which complain of the ruling of the court in admitting in evidence an application for order of sale filed in the probate court of San Augustine county in the estate of Richard Waterhouse by J. H. Bemis, trustee for Erastus Jones, and a deed of trust executed by Richard Waterhouse, Jr., to said Bemis, trustee for said Jones, need not be discussed. If it be conceded that the objections to said evidence should have been sustained, the error of the court in admitting it was harmless, because the evidence was not material to the

only issue in the case and could not have affected the result of the trial.

From the views above expressed, it follows that the judgment of the court awarding appellees Gallup and the East Texas Oil Company the two tracts of land of 1,731 and 350 acres, respectively, should be reformed and said appellees be adjudged the owners of an undivided $2031/2181$ interest in each of the three tracts of land described in their petition, and, as so reformed, the judgment in favor of said appellees is affirmed; that the judgment that appellants Waterhouse take nothing by their suit should be reversed and judgment here rendered in their favor for $150/2181$ of the two tracts of land described in their petition, and the judgment in favor of appellees Worden for the 100 acre tract should be reversed and judgment here rendered that they take nothing by their suit in intervention. It is ordered that the judgment of this court be entered as above indicated.

Reformed and affirmed in part; and reversed and rendered in part.

### On Motion for Rehearing.

[5] Appellants have filed a motion for rehearing in which they very earnestly contend that we erred in our former opinion in holding that the probate proceeding through which appellees Gallup and the East Texas Oil Company claim title are not void for want of sufficient description of the land sold thereunder. It seems to be conceded in the motion that if the sale had been voluntary the description would be sufficient, but the contention is made that such description cannot be held sufficient in an involuntary sale. In our former opinion we held that the rule applicable to the description in question was that:

"When a deed conveys a certain number of acres, without describing the land conveyed, to be taken out of a larger tract described, the grantee becomes by his deed a tenant in common, having a fractional interest, represented by a fraction whose denominator is a number equal to the number of acres in the larger tract described, and whose numerator is a number equal to the number of acres conveyed. The grantee acquires such fractional interest in every acre of the larger tract."

We agree with learned counsel for appellants that this rule cannot be applied to involuntary sales consistent with the decisions in a number of our earlier cases, but we understand it to be now settled law in this state that a description that would be sufficient in a voluntary conveyance is sufficient in an administrator's or sheriff's deed. If the description contained in the written instrument, considered in the light of surrounding facts shown by extrinsic evidence, is sufficient to identify the property intended to be sold, the conveyance is sufficient, it matters not whether the sale be voluntary or involuntary.

In Hermann v. Likens it is expressly held (and this holding is not questioned by appellant's counsel) that a description which would be sufficient in a voluntary conveyance to identify the property intended to be conveyed would necessarily be sufficient in a sheriff's or administrator's deed, and that there are intimations of a contrary doctrine in some of the former opinions of our Supreme Court. Norris v. Hunt, 51 Tex. 609; Brown v. Chambers, 63 Tex. 131. The point was probably not definitely decided in those cases. The court in the Hermann Case also quotes with approval the following paragraph from the opinion of the Supreme Court of the United States in the case of White v. Luning, 93 U. S. 514, 23 L. Ed. 938:

"In regard, however, to the description of the property conveyed, the rules are the same, whether the deed be made by a party in his own right or by an officer of the court. The policy of the law does not require courts to scrutinize the proceedings of a judicial sale with a view to defeat them. On the contrary, every reasonable intendment will be made in their favor, so as to secure, if it can be done consistently with legal rules, the object they were intended to accomplish."

When we consider the description in the probate proceedings under which the land in controversy in this suit was sold in connection with the deed to the decedent, which was then on record, conveying to him three definitely described tracts of land in the Mudd survey, containing in the aggregate 2,181 acres, less an undefined 100 acres attempted to be reserved in said deed, and the evidence showing that this was all the land owned by the estate of the deceased on said survey, we think there can be no doubt as to the identity of the land intended to be sold.

The administrator applied for an order to sell 2,081 acres on the Mudd survey. The court directed him to sell 2,081 acres on the Mudd survey, and the administrator advertised that he would sell 2,081 acres on said survey. A deed to the deceased was on record in the county conveying to him 2,181 acres on said survey, less 100 acres, and this was all of the land owned by the estate on that survey. Can there be any doubt upon these facts that the administrator and the court intended by the application, order of sale, and advertisement to sell 2,081 acres of the land described in the deed under which the estate held, and is it not equally clear that all persons interested in the estate and all bidders at the sale must have known from the description the identical land that was intended to be sold? Why, then, should the description be held insufficient? The fact that the reservation of the 100 acres in the deed to the deceased was void for uncertainty, and the estate in fact owned all of the 2,181 acres, should not affect the question of the sufficiency of the description in the probate proceedings. It is manifest that the administrator thought the estate owned only 2,081 acres, and therefore only asked to sell that number of acres. If the application and

order of sale had in express words described the land as an undivided 2,081 acres of the 2,181 acres described in the deed to the deceased, we think it clear the description would have been sufficient, and we think the description given in the order of sale, considered in connection with the deed to deceased Waterhouse, shows that it was the intention to sell an undivided 2,081 acres of the 2,181 described in the deed.

In the case of Boyce v. Hornberger, 29 Tex. Civ. App. 337, 68 S. W. 701, cited by appellants, the land levied upon and sold was described as "all the right, title and interest of Robert P. Boyce in 2,300 acres of land, a part of the Benjamin Page headright." The evidence showed that, at the time this levy and sale were made, Boyce only owned an undivided one-half interest in an undivided 2,800 acres on the Page survey. Manifestly the description in the sheriff's deed above set out could not be made to apply to any land owned by Boyce on the Page survey, and this court held the deed void because the description was insufficient. We think that case is easily distinguished from this one.

[6] Appellees Gallup and the Texas Oil Company also present a motion for rehearing in which they contend that we erred in not holding that the administrator's sale passed title to the 2,181 acres described in the deed to the deceased Waterhouse. This contention cannot be sustained. It is, we think, manifest that the administrator supposed that the estate only owned 2,081 acres of land and thought, when he sold the 2,081 acres, he was selling all the land on the Mudd survey owned by the estate, but his mistake in this regard could not have the effect of divesting the estate of the title to the 100 acres which was not included in the application or order of sale.

[7] Appellees further contend that we erred in holding that, because the order of confirmation and the administrator's deed described the land as 2,031 acres, title passed by said sale to only 2,031 acres. We think this contention should be sustained. The application and order of sale having described the land as 2,081 acres, we think the discrepancy in the acreage stated in the order of confirmation and the administrator's deed should be regarded as a clerical error. The number of acres is stated in figures, and it is much more probable that in recording these orders and the deed the figures "81" should have been written "31," than that the court and the administrator after having ordered and advertised the sale of 2,081 acres should have only sold 2,031 acres. McBee v. Johnson, 45 Tex. 641.

It follows from what has been said that the motion of appellants for rehearing should be overruled, and the motion of appellees granted to the extent of changing our judgment in their favor from $2031/2181$ to $2081/2181$ of the land in controversy; and it has been so ordered.