HORNSBY v. BARTZ et al.

No. 4697.

Court of Civil Appeals of Texas. El Paso.
Feb. 8, 1950.

Whitaker, Turpin, Kerr, Smith & Brooks, Midland (Emil C. Rassman, Midland, of counsel), for appellant.

Stowe & Harman, Odessa, for appellees.

PRICE, Chief Justice.

This is an appeal from the District Court of Winkler County. Leroy Hornsby, hereinafter called plaintiff, sued Maude Bartz and her husband, Gust Bartz, to recover the surface of all of lots 12 and 13 in Block A of the Brown-Altman Addition to the town of Kermit, Winkler County, Texas. The trial was before the court. Upon an agreed Statement of Facts which appears in the transcript, the court entered judgment that plaintiff take nothing, and from such judgment this appeal is prosecuted. We shall endeavor to set forth as briefly as possible, in substance, the agreed Statement of Facts:

Brown-Altman Company is the common source of title. That company acquired title to the land in 1928.

Brown-Alatman Company by dedication plat dated November 30, 1937, divided a part and portion of Sections 4 and 5, Block B-5 Public School Land, Winkler County, Texas, into lots and blocks to be known as Block A (as part of Section 4) of the Brown-Altman Addition to the town of Kermit, Winkler County, Texas, and Block B (as part of Section 5) of the Brown-Altman Addition to the town of Kermit, Winkler County, Texas. Under such dedication plat and map the property herein involved is definitely identified. By deed dated October 2, 1940, the Brown-Altman Company conveyed to Earl Vest the following tracts and parcels of land lying and being situated in the County of Winkler, State of Texas, to-wit: All of Sections 3, 4, 5, 6, 7, 15, 16, 17, 24, 25 and 38, all being in Block B-5 and containing 640 acres each, more or less, and the NW ⅞ of Section 5 in Block B-11, and being all of said Section 5 save and except the East ½ of the S.E. ¼ thereof, and containing 564.3 acres, more or less, all of the above

land situated in and being Public School Lands and containing a total of 7604.3 acres, more or less.

In this deed, immediately preceding the operative words of conveyance, appears the following: "Subject to the reservations and exceptions hereinafter set forth and made."

Immediately following such description it is recited in substance: "It is also expressly understood and agreed that a subdivision has been made of portions of said Sections 4 and 5 in Block B-5 above described, known as Blocks A and B of Brown & Altman Addition to the town of Kermit, Winkler County, Texas, as shown by the plat and subdivision thereof, of record in Winkler County, Texas, and reference to which is here made for all purposes, and that there has been sold approximately 56 lots of said division and certain parcels adjacent thereto, not exceeding in amount a total of 40 acres, the conveyance thereto being of record in Winkler County, Texas, and this conveyance is also made expressly subject to such sales, and as to such tracts and parcels the same are not conveyed hereby."

In the habendum clause appears the following: "Subject, however, to the above reservation and exception and to the other instruments, rights of way, easements and sales above recited."

This deed was filed for record in Winkler County February 10, 1941, and thereafter duly recorded. By deed dated February 28, 1945, Earl Vest, grantee in the preceding deed, deeded to W. C. Hancock lots 12 and 13, Block A, Section 4, Block B-5 in the Brown-Altman Addition to the town of Kermit, Winkler County, Texas. This deed was promptly recorded. By conveyance dated April 18, W. C. Hancock and wife deeded to plaintiff Leroy Hornsby the property in question here.

The defendants' claim of title to the property herein involved, according to the agreed facts, is a conveyance dated October 2, 1937, filed for record Decemer 13, 1946, in Winkler County, Brown & Altman, Inc., to the defendant Maude Bartz, describing the same as follows: "All that certain tract of land known as Nos. 12 and 13, half

362

acres, in Section 4, Block B-5, containing 104 foot front on the Midland Highway and 208 south, with an 8 foot reservation for alley."

The above instruments heretofore summarized, to-wit, the deed from the common source to Vest and from Vest to plaintiff is the sole claim of plaintiff to title to the lots in controversy, and the deed from the common source to defendant Mrs. Bartz is the sole claim of defendants' title to the property in controversy. It was further agreed that plaintiff and his predecessors in title had no actual notice of the conveyance to Maude Bartz; that the only notice any of them had was such as was imputed to them from the records of Winkler County, Texas. The deeds summarized herein were each and all supported by a valuable consideration. At the time of the conveyance to Vest and by Vest to Hancock, and by Hancock to plaintiff, an examination of the Deed Records of Winkler County, Texas, would have disclosed the conveyances of approximately 40 lots, 15 in Block A out of Section 4 and approximately 25 lots in Block B out of Section 5.

It is thought to be elementary but of no great importance here we deal with the true exception. One would not reserve to himself that which he had previously conveyed to others. A deed containing exceptions does not evidence the conveyance of the excepted property, although but for the exception same would be included in the conveyance. It may be in such a deed to determine the property conveyed it is necessary to identify the property excepted. However, if the property excepted is not susceptible of identification the exception fails rather than the general grant. 14 Tex.Jur. p. 1023, par. 228,

■ Under the agreed case Brown & Altman, Inc., is the common source of title. The exception involved here is contained in the deed from the common source to Vest, one of the predecessors in title of plaintiff. This deed from the common source to Vest is in plaintiff's chain of title. Plaintiff is as a matter of law charged with notice thereof and all recitals therein. The position of defendant is that

the exception is limited to the prior conveyances of Brown & Altman which appear of record on the Deed Records of Winkler County, Texas. Under the agreed case on the date of the conveyance to Vest the record would have shown the conveyance of 15 lots in Block A out of Section 4 and 25 lots in Block B out of Section 5. The deed recites the sale of approximately 56 lots. The plaintiff would limit the portion of the exception to these 40 lots. It is thought a proper construction is that the grantor intended to and did exclude from the conveyance all the land that had been sold. This was the honest and upright course. The agreed statement is silent as to whether or not there were other unrecorded conveyances besides the one in question to defendant Mrs. Bartz. The deed under which defendants claim was not of record on the date of the deed to Vest.

If the Statutes as to recording deeds and the effect of so recording is a factor here, in our opinion plaintiff and his predecessors in title from the common source were charged with notice of the recitals in the deeds in their chain of title. Williams v. Harris County Houston Ship Channel Nav. Dist., 128 Tex. 411, 99 S.W.2d 276, 110 A.L.R. 59.

Put upon inquiry as to prior grantees of their predecessors in title, if it was permissible for the trial judge to draw inferences from the agreed facts it must be that the inference was that a reasonable investigation of the facts would have apprised plaintiff of the true facts.

■ It is, as has been stated, elementary that to be valid an exception from a grant in a deed must be susceptible of establishment. If it cannot be certainly and definitely established the exception fails and not the general grant. De Roach v. Clardy, 52 Tex.Civ.App. 233, 113 S.W. 22 (Wr. Denied); Waterhouse v. Gallup, Tex.Civ. App., 178 S.W. 773 (Wr. Denied); 14 Tex. Jur. p. 1023, par. 228. The exception contained in the deed from Brown & Altman to Vest was by reference to plat and map recorded in Winkler County, Texas; the plat and map is of Brown & Altman Addition to the town of Kermit. Brown & Alt-

man by dedication plat dated November 30, 1937, divided a part and portion of Sections 4 and 5 Block B-5, Public School Land, Winkler County, Texas, into lots and blocks to be known as Block A as to part of Section 4 of Brown & Altman Addition to the town of Kermit, and Block B as to part of Section 5 of Brown & Altman Addition to the town of Kermit. Under such dedication plat and map the property herein involved is definitely identified. The land purporting to have been conveyed by Brown & Altman to Vest and by Vest to Hancock, and by Hancock to plaintiff is described with reference to this plat and map.

Defendant claims under a deed dated the 2nd day of October 1937 from Brown & Altman Company, which purports to have been acknowledged on the 4th day of October 1937 before a Notary Public in and for Tarrant County. In this deed the residence of the grantor (i. e., Brown & Altman Company) is stated as Winkler County, Texas, that of grantee Maude Bartz as Winkler County, Texas. The description of the land is: "All that certain tract of land known as Nos. 12 and 13, half acres, in Section 4, Block B-5, containing 104 foot front on the Midland Highway and 208 south, with an 8 foot reservation for alley."

It is to be noted that the description fails to give either the county or state where the property is located. This might be supplied by inference. Easterling et al. v. Simmons, Tex.Civ.App., 293 S.W. 690 (Wr. Den.)

If it is to be supplied by inference it must be from the residence of the respective parties and the caption of the deed, and the further fact that Brown & Altman owned Sections 4 and 5, Block 5, Public School Lands in Winkler County.

The plat and map with reference to which his property is described in plaintiff's petition is dated November 30, 1937; the deed to defendant from the company is dated October 2, 1937, and purports to have been acknowledged October 4, 1937. In plaintiff's chain of title the two parcels are described as lots 12 and 13, with reference to said plat and map dated November 30, 1937.

The agreed statement is silent as to how the tracts of land known as Nos. 12 and 13, half acres, in Section 4, Block B-5, became known as such. What relation, if any, such tracts bore to lots 12 and 13 in Block A, Section 4, Block B-5 in the Brown & Altman Addition to the town of Kermit, Winkler County, does not appear. It may be in an agreed case there is basis for an inference that the land attempted to be described in the deed to defendant is located in Section 4, Block B-5 and that the land claimed by plaintiff is located in Section 4, Block B-5. This does not show the two tracts of land are identical. The description in defendant's deed, unaided by evidence fails to describe any land, fails by any reference to give any means by which a definite tract of land may be located. Standing alone it is too vague and indefinite to operate as an exception from the conveyance to Vest. It does not in any way refer to the map and plat referred to in plaintiff's deed. This could not well be, as such map and plat were filed subsequent to the date of defendant's deed. The plat and map are dated subsequent to the date of defendant's deed. It appears from the agreed case that the deed from the common source to plaintiff's predecessors in title described definite and ascertainable land. The deed to defendant is indefinite and uncertain as to the land sought to be conveyed. The conclusion follows that plaintiff showed superior title from the common source.

Texas Rule of Civil Procedure No. 263 provides: "Parties may submit matters in controversy to the court upon an agreed statement of facts filed with the clerk, upon which judgment shall be rendered as in other cases; and such agreed statement signed and certified by the court to be correct and the judgment rendered thereon shall constitute the record of the cause."

This being an agreed case we deem it our duty to enter such judgment as the trial court should have rendered. Rule of Civil Procedure, No. 263.

It is therefore ordered that the judgment of the trial court be in all things reversed and judgment is here rendered that plaintiff do have and recover the possession and title to the land sued for in his petition, to-wit: "The following described lands and premises situated in Winkler County, Texas, and known and described as follows, to-wit, the surface of all of lots 12 and 13 in Block A of the Brown & Altman Addition to the town of Kermit, Winkler County, Texas."

Reversed and rendered.