### J. R. O'ROURKE ET AL. v. E. N. CLOPPER ET AL.

Decided January 6, 1900.

**1. Harmless Error—Admitted Fact.**

Failure of the trial court to find as a fact that certain parties to the suit are the heirs of a given person is harmless error where that fact is admitted.

**2. Amendment of Judgment—Sale Thereunder Already Made.**

A sale made under a judgment is not invalidated by the fact that the judgment is subsequently amended, even though the order making the amendment begins with the recital that the judgment theretofore rendered "is hereby set aside, annulled, and avoided." Following Sage v. Clopper, 19 Texas Civil Appeals, 502.

**3. Foreclosure of Lien—Parties.**

The validity of a judgment foreclosing a vendor's lien on land is not affected by the fact that a subsequent purchaser of the land from the vendee was not also made a party with him in the suit.

APPEAL from Harris. Tried below before Hon. WILLIAM H. WILSON.

*Ashby S. James,* for appellant.

*G. W. Thorp,* for appellee.

GILL, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by appellants, as the heirs of James and Catherine O'Rourke, for the recovery of certain land situated in Harris County, Texas. All the defendants in the court below were eliminated from the suit either upon disclaimer or by dismissal except the appellee W. E. Raynor, who answered by general denial and plea of not guilty. Upon trial before the court without a jury, judgment was rendered in favor of Raynor, from which this appeal is prosecuted.

The land in controversy is the north half of twelve labors of land situated in Harris County, the entire twelve labors having been granted to Fabricius Reynolds by patent of date August 28, 1847. On June 13, 1839, and prior to the issuance of patent, Fabricius Reynolds, by written conveyance, sold and conveyed to Catherine O'Rourke, wife of James O'Rourke, the above mentioned north half of the twelve labors of land for the recited consideration of $583 theretofore paid by James O'Rourke, and two vendor's lien notes of said James O'Rourke, one for the sum of $80, and the other for the sum of $339. To secure the payment of these notes the vendor's lien was specifically retained on the land. The conveyance recites that it was executed by Fabricius Reynolds in satisfaction and discharge of a bond for title given by him to James O'Rourke on February 22, 1838, upon which the sum named had been paid by O'Rourke, and for which the notes were also given, but were unpaid at the date of the deed. In the description occurs the following language: "The part now sold and conveyed being the northern half of said survey, the other half having been sold and conveyed to Geo. M. Patrick by deed of date January 1, 1839."

Another clause in the deed is as follows: "To have and to hold the above described land * * * unto said Catharine O'Rourke, her heirs and assigns forever, in fee simple to their own proper use and behoof." This is followed by a clause of general warranty and authority to her and her heirs to demand and receive the patent therefor. A subsequent clause is as follows: "And now also came James O'Rourke who, intervening in these presents, declared that whereas said Fabricius Reynolds has heretofore given to said James O'Rourke his bond conditioned to make him a conveyance of the land in this deed mentioned when the purchase money aforesaid should be fully paid, now inasmuch as said vendor doth, at the request of said purchaser, convey the same to the present vendee, the wife of said O'Rourke, he declares said bond to be fully satisfied." This deed was signed by both Reynolds and O'Rourke, and duly recorded in June, 1839. The instrument is lengthy and it is believed the above extracts sufficiently indicate its nature, without embodying it entire in this opinion.

It is admitted that plaintiffs are the sole surviving heirs at law of James and Catharine O'Rourke. On October 28, 1839, O'Rourke and wife executed to Isaac B. Bailey a bond for title to a one-half interest in this and another tract of land situated in Harris County for $640, due in three and four years. It is admitted that Agnes Griffin, Amanda E. Flood, and Margaret E. Griffin are the sole surviving heirs of Isaac B. Bailey.

On April 26, 1895, the heirs of James and Catharine O'Rourke and Isaac B. Bailey executed to J. R. Lawrence a power of attorney with reference to the land, which instrument also conveyed to him an undivided half interest therein. On October 20, 1899, J. R. Lawrence sold and conveyed his half interest to P. H. Stein and S. D. DeCordova. The bond for title from Reynolds to Patrick conveying the south half of the

twelve labors in question was dated January 1, 1839. The patent to the entire twelve labors was issued in the name of Fabricius Reynolds on August 28, 1847.

On December 28, 1840, Fabricius Reynolds recovered a judgment against James O'Rourke upon the $339 vendor's lien note, which judgment decreed the sale of the six labors of land in satisfaction of the lien and judgment. On February 24, 1841, an order of sale was issued in conformity with the terms of the judgment under which the land was thereafter, on April 6, 1841, lawfully sold, being bid in by the attorneys of record of Reynolds for $50, which sum was subsequently credited on the writ by receipt of the attorneys indorsed thereon, upon which return was duly made. The evidence does not show directly that any deed was ever executed by the sheriff to either Wynne & Lawrence, Reynolds' attorneys, or to Reynolds himself, but a sale is shown by the return, and delivery of deed recited in the return. Neither Catharine O'Rourke, the vendee in the Reynolds deed, nor Isaac B. Bailey, were made parties to this foreclosure proceeding.

At the next term of the court after the rendition of the above named judgment, a motion was made by defendant O'Rourke to reform and correct the judgment, upon the hearing of which the court entered the following decree: "It is ordered by the court that the judgment entered in this cause on the 28th day of December, 1840, is hereby set aside, annulled, and avoided, and judgment is rendered nunc pro tunc for the sum of $230 debt and $26.88 damages, and that plaintiff have his execution and costs." This occurred subsequent to the sheriff's sale, and the amount bid at the sale was less than the amount of the judgment as reformed.

On November 21, 1848, Fabricius Reynolds executed and delivered to Geo. M. Patrick a waranty deed whereby he conveyed to Patrick all his right, title, and interest in and to the entire twelve labors, describing same by metes and bounds. The consideration recited is $1000 paid. In the body of the deed is inserted the following memorandum: "(Mem. This deed is made in order to cancel a bond and fulfill the conditions thereof executed by me to Geo. M. Patrick, January 1, 1839, which bond is of record in Harris County deed records, Book C, page 297.)" The deed also recites the delivery of the patent to Patrick.

Appellee Raynor deraigned title through consecutive mesne conveyances under this deed from Reynolds to Patrick. It is unnecessary to set out the various deeds by which Raynor's title is connected with the Patrick deed, but it is proper to state that in each of these mesne conveyances up to June, 1891, the preceding deeds were referred to as matter of description. It was shown that Raynor, and those under whom he claimed, had paid taxes on the Reynolds survey from 1850 to 1899, with the exception of the years 1860 to 1864, 1868, 1869, 1872, 1873, 1888, and 1890. In 1842 Reynolds rendered for taxation 740 and 127 acres of land; in 1845 only 320; in 1846 one tract of 400 acres and 20 acres in another. In 1848 he only rendered his poll.

George M. Patrick, in 1846, 1847, and 1848, rendered only 1062 acres on the Reynolds survey. In 1849 Massie, his vendee, rendered 1200. In 1850 Arthus rendered 1891 in said survey. In 1851, 1852, and 1853 Massie rendered 1200. In 1854 Massie rendered 2011.

The first assignment of error complains of the failure of the trial court to find as a fact that appellants are the heirs of James and Cathcrine O'Rourke. The fact is admitted and the error is harmless.

By the second, third, and sixth assignments appellants complain of the conclusion of the trial court that the land conveyed by Reynolds to Catherine O'Rourke was community property of her and her husband; that she was not a necessary party to the foreclosure proceedings and that sheriff's sale under the judgment in said cause reinvested the title in Reynolds. The trial court evidently decided this cause with the opinion in Sage v. Clopper, 19 Texas Civil Appeals, 502, before him. In that case these identical questions were considered and determined adversely to appellant's contention. It was there held that the court properly presumed from a like state of facts that by the execution sale the title was reinvested in Fabricius Reynolds, and that the subsequent change, which amounted only to an amendment of the judgment, did not invalidate the sale. It was also held that the property was community property of O'Rourke and wife, and that the wife was not a necessary party to the foreclosure.

The fifth assignment of error complains of the conclusion of the trial court that the memorandum in the deed from Reynolds to Patrick, reciting its execution in discharge of the bond for title previously given, did not limit the conveyance to the south half of the twelve labors, but the instrument operated to convey the entire tract described therein. That instrument was also construed in the case cited, and was held to pass the entire title. In that case writ of error was denied by the Supreme Court, and we regard it as authority on the questions involved in its decision.

The only question presented here which was not disposed of by the court in that case is presented in the fourth assignment, which assails the finding of the trial court that Isaac B. Bailey was not a necessary party to the foreclosure suit, and that the validity of the judgment was not affected thereby. The conclusion of the trial court is correct, and is well sustained by authority. Silberberg v. Pearson, 75 Texas, 289; Ufford v. Wells, 52 Texas, 619.

Finding no error in the record, the judgment of the lower court is in all things affirmed.

*Affirmed.*