### GEORGE H. RYAN v. MRS. FLORA ENGLESON ET AL.

Decided April 6, 1901.

**1.—Husband and Wife—Liability of Wife—Res Judicata.**

Where, after a divorce granted, the husband was sued for a debt, and he impleaded the wife, alleging that it was a community debt, and asking that the land set apart to her in the partition in the divorce suit be made liable for one half of such debt, and the judgment in that suit was in the wife's favor against both the husband and the creditor, the latter recovering against the husband alone, a sale by the creditor, under that judgment, of the property so set apart to the wife was unwarranted,—the judgment being conclusive against the creditor as to the liability of the wife and her property for the debt.

**2.—Same—Attachment Lien—Forclosure Sale—Purchaser.**

Although the creditor acquired a lien on the land by attachment against the husband before actual partition was effected between the husband and wife, but after the entry of the decree of divorce which had adjudged to the wife her proportion of interest in the land, and ordered partition thereof, yet the lien attached only to the husband's interest, and a purchaser at the sale enforcing the lien who was acquainted with the facts acquired only the husband's interest.

Appeal from Dallas. Tried below before Hon. Richard Morgan.

*Bell & Seay,* for appellant.

*J. E. Cockrell,* for appellees.

TEMPLETON, ASSOCIATE JUSTICE.—Charles and Flora Zumbrum were husband and wife. On February 15, 1898, they were divorced by decree of the District Court of Dallas County at the suit of the wife. The decree provided for the partition of the community property by commissioners. On April 30, 1898, there was an agreed partition by which Mrs. Zumbrum received the tract of land in controversy, and Charles Zumbrum received two other tracts. The three tracts were community property, and the partition was fair and equitable.

At the time the suit for divorce was instituted Charles Zumbrum owed J. J. Chenault on account, contracted during the coverture, the sum of $47, and during the pendency of the suit Zumbrum increased the account, by purchases of goods from Chenault, to $187.55. On March 15, 1898, Chenault brought suit against Zumbrum, on said account, in the proper justice court, and caused a writ of attachment to

be issued and had the same levied on Zumbrum's interest in said three tracts of land. Zumbrum filed an answer in said suit in which it was alleged that the account was created for the benefit of the community estate of himself and his late wife and asked that she be made a party, and that her interest in the community property be subjected to the payment of one-half the debt. He also alleged, in another count of his answer, that the debt was incurred for the sole benefit of Mrs. Zumbrum, and asked for judgment over against her for whatever judgment might be rendered against him. Mrs. Zumbrum was made a party, and she answered alleging that the debt was contracted by Zumbrum during the pendency of the suit for divorce, in fraud of her rights, and for Zumbrum's sole benefit. She charged Chenault with knowledge of the facts and participation in the fraud, and sought to be discharged from liability on said account. Judgment was rendered in the Justice Court in favor of Chenault against Zumbrum for $187.55, and in favor of Mrs. Zumbrum against them both. On appeal by Zumbrum to the County Court, a like judgment was rendered, which was affirmed by this court. Execution was thereupon issued against Zumbrum to collect said judgment and enforce said attachment lien and was levied on said three tracts of land. At the sale under execution the appellant Ryan became the purchaser. Ryan was Chenault's bookkeeper, and was acquainted with the facts above stated. Both Zumbrum and Mrs. Zumbrum died, and the heirs of Mrs. Zumbrum brought this suit against Ryan to recover the tract of land received by her on the agreed partition and obtained a judgment, from which Ryan has appealed.

We think it is clear that the judgment rendered in favor of Mrs. Zumbrum in the case of Chenault v. Zumbrum was conclusive as to the liability of herself or her property for the debt there sued on. In Grandjean v. Runke, 39 Southwestern Reporter, 945, it was held that personal judgment might be had against a divorced wife on a community debt to the amount of the value of the community property received by her. A judgment rendered in a suit to which a divorced wife is a party, involving an issue as to the liability of herself or her property for an alleged community debt, is binding on all the parties to it. If judgment had been rendered against Mrs. Zumbrum in the suit of Chenault v. Zumbrum, she could not thereafter have questioned her liability as fixed by the judgment. But as the judgment was in her favor, neither Chenault, Zumbrum, nor anyone claiming under the judgment can deny that she has been discharged. After the decree of divorce was entered she was a feme sole, able to sue in her own behalf and liable to be sued as any other person not laboring under a disability. She and her husband were tenants in common of the community property from the time the decree was granted until a partition was effected. House v. Williams, 40 S. W. Rep., 415.

The writ of attachment, levied after decree entered and before partition, was levied on Zumbrum's interest in the land only, and the lien

attached to no greater interest than he had. At the foreclosure sale the purchaser acquired Zumbrum's interest in the lands sold, but did not acquire any of the interest of Mrs. Zumbrum.

The judgment is affirmed.

*Affirmed.*