STEWART v. COMANCHE MERCANTILE CO.†

(Court of Civil Appeals of Texas. Ft. Worth. April 13, 1912. Rehearing Denied May 11, 1912.)

BANKRUPTCY (§ 214*)—LIEN NOTES — FORE-CLOSURE—PARTIES.

Defendant's assignee in bankruptcy was not a necessary party in an action on vendor's lien notes, since the assignee would have the right to redeem the property from the purchaser upon the foreclosure sale by paying the purchase price, so that he could either redeem, or sell defendant's equity, and thereby protect it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 320, 324–327, 343, 344; Dec. Dig. § 214.*]

Error from District Court, Comanche County; J. H. Arnold, Judge.

Action by the Comanche Mercantile Company against H. L. Stewart. Judgment for plaintiff, and defendant brings error. Affirmed.

Kearby & Kearby, of Comanche, for plaintiff in error. Goodson & Goodson, of Comanche, for defendant in error.

DUNKLIN, J. H. L. Stewart has appealed from a judgment rendered against him in favor of the Comanche Mercantile Company on certain vendor's lien notes executed by J. F. Moreland and afterwards assumed by Stewart, a subsequent vendee of the land, for which the notes were given.

The only contention urged here by appellant is that the trial court erred in overruling his application to make J. C. C. Martin, his assignee in bankruptcy, a party defendant to the suit, in order that he might protect appellant's equity in the property. The application was predicated upon an allegation that Stewart's equity in the land over and above the amount due upon the notes was worth $1,200; that he was unable to protect that equity, as his entire estate had been transferred to the assignee, Martin. While the plaintiff might have sued the assignee, also, for a foreclosure of the lien, yet he was not a necessary party, and there was no error in overruling the application that the assignee be made a party. Silberberg v. Pearson, 75 Tex. 287, 12 S. W. 850; O'Rourke v. Clopper, 22 Tex. Civ. App. 377, 54 S. W. 930; Thompson v. Robinson, 93 Tex. 165, 54 S. W. 243, 77 Am. St. Rep. 843. Under the decisions cited, it would seem that the assignee would have the right to redeem the property from the purchaser under the foreclosure sale, by paying the purchase price therefor. If he could do this, he would have the option to redeem or to sell his equity to some one else. It thus appears that at all events plaintiff in error has lost nothing by the refusal of the application.

The judgment is affirmed.