## GREEN v. SHAMBURGER. (No. 2008.)

(Court of Civil Appeals of Texas. Amarillo.
June 28, 1922.)

**1. Appeal and error ⬪⟿742(1), 756, 759, 760
(1)—Brief held defective.**

A single-spaced brief, in which the assignments of error had not been copied and which contains no separate statement in support of the several propositions, and such statements that were made did not properly refer to the record to support them, is objectionable.

**2. Mechanics' liens ⬪⟿263(4)—Former owners not necessary parties to foreclosure.**

In an action to foreclose a mechanic's lien on four buildings erected on four adjacent lots, a former owner of one of the lots and a former joint owner of another lot are not necessary parties defendant, where the evidence showed that these lots had been purchased by the defendant after commencement of the buildings but prior to foreclosure.

**3. Mechanics' liens ⬪⟿252—Materialman entitled to enforce in single proceeding lien on all lots upon which buildings were erected.**

Where four buildings are erected on four adjacent lots, owned by different persons, and no attempt had been made to construct the buildings separately, a materialman was entitled to join all the owners as defendants and to foreclose upon all four lots.

**4. Principal and agent ⬪⟿173(3)—Evidence held sufficient to show appointment of agent and ratification of his acts.**

Evidence, in an action to foreclose a mechanic's lien, *held* sufficient to show that C. was authorized by the owners of the lots to represent them in constructing and in buying material for the buildings, and that C.'s acts were ratified by the owners in making partial payments for the material through him.

Appeal from District Court, Wilbarger County; Robert Cole, Special Judge.

Action by C. D. Shamburger against Clois L. Green and another to foreclose a mechanic's lien. Judgment for plaintiff against Green, and he appeals. Affirmed.

Cook, Cook & Nicholson, of Vernon, for appellant.

Bonner, Storey & Storey, of Vernon, for appellee.

HALL, J. The following statement of the nature and result of the suit, made by appellant and concurred in by appellee, is adopted:

"This suit was filed in the district court of Wilbarger county, on the 12th day of July, 1921, by C. D. Shamburger against Clois L. Green and A. P. Howard, on a verified account to recover the sum of $1,536 for building material alleged to have been sold and delivered to them by plaintiff to be used and which was actually used in the construction of four two-story brick buildings upon lots 9, 10, 11, and 12, block No. 40, in the original town of Vernon. Plaintiff claims a materialman's lien upon the buildings and lots to secure the payment of the account. He alleges also that he did on the 19th of January, 1921, duly prepare and file with the county clerk of Wilbarger county his account, properly verified, which was duly recorded on January 19, 1921, thereby fixing his lien. The defendants Green and Howard answered by general denial and specially that plaintiff on or about the —— day of January, 1921, accepted from defendant Green his promissory note in the sum of the account and that plaintiff thereby waived and relinquished his lien."

There was a trial before the court without a jury, and after the evidence was all in counsel in open court agreed:

"That if it is determined that a valid lien existed in favor of plaintiff, and the plaintiff was entitled to a foreclosure thereof as prayed for, then and in that event the same can be foreclosed on the buildings and lots owned by defendant Green and that it need not be foreclosed on lot 11 owned by defendant Howard."

Judgment was rendered in favor of plaintiff against Green for $1,536, with interest, costs of suit, and foreclosing the materialman's lien upon lots 9, 10, and 12.

[1] The appellee objects to the consideration of appellant's brief, because the assignments of error are not copied therein and it contains no separate statements in support of the several propositions; that such statements as have been made do not properly refer to the record in support thereof. These objections are well taken, to which may be added the further objection that the brief is single-spaced. In view of the fact that the new rules had not long been in force when the case was briefed, we will waive these defects and overrule the appellee's objections.

The material findings of the court may be summed up as follows:

(1) Green and Howard some time during the month of April, 1920, commenced the construction of four two-story buildings situated on the lots described in the petition; that Green was the owner of lots 10 and 12 and was the joint owner with Cox of lot 9; that he acquired lot 12 from Coleman during the progress of the building; that Howard was the owner of lot 11; that Green and Howard employed Coleman as their common agent, general manager, and supervisor, to purchase material and pay for the same on their behalf, and to employ all necessary labor in the erection of four two-story brick buildings on said lots; that this arrangement was known to and acquiesced in by Cox.

(2) That Coleman, as said agent, purchased building material from the plaintiff

Shamburger on account of his principals, Howard and Green, for the construction of said buildings.

(3) That Coleman received large sums of money from his principals to be used in the purchase of material for said buildings, placing said money in a common fund without separating the amount received from each, and paid for labor and material used in the construction of all four buildings out of said fund, without keeping any separate account of the money so checked out.

(4) That the work on all four buildings progressed with the same degree of rapidity without any attempt to construct them separately and apart from one another.

(5) That up to the time of the trial Green and Howard had never accurately ascertained the amount which should be charged against Green on the three buildings constructed by him. It was understood that the defendant Howard should finance the construction of his own building, and that Green was to furnish the money for and finance the construction of the other three buildings, and that neither Cox nor Coleman were to furnish any money for said purpose.

(6) Shamburger did not accept the note of Green in the sum of $1,536 in settlement of his account prior to the filing of his materialman's lien, and has never waived his lien upon the lots for the payment of the debt and account due him.

Under eight different propositions it is insisted that the evidence is insufficient to sustain the findings of the court to the effect that Coleman was the agent of Green and Howard; that his employment as agent was acquiesced in by Cox; that the material was purchased by Coleman for Green and Howard; that they furnished Coleman large sums of money; and that Coleman was authorized to purchase lumber for his principals and did so purchase it. The statement of facts is voluminous, but there is ample evidence to sustain each of these findings. Shamburger testified that the bill was not due until the job was finished, but that payments were made on the account before the work had ended. It was shown, both by the testimony of Shamburger's salesman, Colley, and Coleman, that all the material charged in the account was delivered upon the verbal order of Coleman made in person or by phone. Green testified:

"Coleman supervised the building of the house and represented me as my agent, as my local representative. * * * The fact that the lumber was bought together was because Coleman was building them all. I don't know whether Coleman was contractor; he was supervisor. He would say he was running low and I would replenish him. Yes, I knew my building was being constructed along with the others; they were tied together. The work on my house was the same as the others. The lots all joined. The houses were all built within four walls. The walls went up together, and each of us contributed one-half to the walls. During the construction of the buildings, buying of materials, and paying the men, I intrusted that to Coleman, the manager."

Coleman testified, in part, as follows:

"In the beginning of the construction, or shortly after I commenced, Howard and Green were to finance the four buildings. I received certain sums of money from them and deposited it in the bank. A special account to pay for labor and material for the four buildings. I was acting as manager for them, and in that capacity I purchased all the material from Shamburger and from everybody else."

With reference to the knowledge of Cox and the right of Green, Howard, and Coleman to act for him, Green testified:

"I agreed to furnish money for Cox, mine, and Coleman's buildings. I took the building off of his (Cox's) hands. There was no distribution of papers. It was never finished up. I paid $1,000, and I own it under verbal agreement. I don't know if I am in possession; I had control the first of the year."

[2-4] It is held in C. B. Carter Lumb. Co. v. Simpson, 83 Tex. 370, 18 S. W. 812, that when the owners of adjoining lots jointly contract for the erection of a building upon the entire tract, they may be joined as defendants in a suit to foreclose a mechanic's lien on such building. We think the evidence brings this case clearly within that rule. While Green did not own the lot held by Coleman at the time the buildings were commenced, and did not own the Cox interest in the lot owned by them jointly, the evidence shows that Green acquired Coleman's lot and the interest of Cox in the other lot at the time the lien was foreclosed. Under this state of facts, the court did not err in foreclosing the lien without making Cox or Coleman parties defendant. Wm. Cameron & Co. v. Trueheart (Tex. Civ. App.) 165 S. W. 58. But for the stipulation entered in open court and set out, supra, we think Shamburger would have been entitled to a foreclosure upon all four of the lots, but it appears from the record that because Howard had paid fully his share of the total expense, it was agreed that no lien should be foreclosed as to his property. The evidence is sufficient to sustain the court's finding that Coleman was authorized by Howard and Green to represent them, not only in the construction of the building, but in the purchase of the material, and they have ratified his acts by making partial payments through him upon the account from time to time with full knowledge of what he was doing.

We find no reversible error, and the judgment is affirmed.