## FIRST NAT. BANK OF McALLEN v. SMITH. (No. 6834.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 13, 1922. Rehearing Denied Jan. 17, 1923.)

1. Appeal and error ⟾757(1)—Brief prepared in disregard of rules not considered.

Where a brief was prepared in disregard of Rule 29, that the opening part consist of a plain and succinct statement of the nature and result of the suit not argumentative but constituting a concise statement of the case, it will not be considered.

2. Banks and banking ⟾112—Bank liable for cashier's conversion of depositor's account.

Where, at the time plaintiff made deposit in defendant bank, a former relation of partnership between him and defendant's cashier had terminated, and defendant's president assured him if he put money in the bank and got absolute credit therefor the cashier would have no more right to take it than he would other mon-

---

⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ey, in permitting the cashier to appropriate a part of the deposit, defendant became liable therefor.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Action by M. L. Smith against the First National Bank of McAllen. From a judgment for plaintiff, defendant appeals. Affirmed.

J. F. Leslie, of McAllen, and Seabury, George & Taylor, of Brownsville, for appellant.

Gordon Griffin and D. W. Glasscock, both of McAllen, for appellee.

FLY, C. J. This is a suit instituted by appellee against appellant to recover the sum of $3,000 actual damages and $5,000 exemplary damages. It was alleged in the petition that appellee entered into an agreement of partnership with T. Stockton, the cashier of the appellant bank, said Stockton agreeing to furnish all money necessary to buy and sell cotton in Hidalgo county, out of his private funds, the same to be kept on deposit in the bank in appellee's name, the latter to do all the buying and selling of cotton and to draw all checks against the deposits. Details of partnership transactions are given, and then it was alleged that the bank informed appellee of an overdraft drawn by him amounting to several thousand dollars, which appellee paid, and the partnership between him and Stockton was dissolved, and afterwards on October 18, 1921, he placed a check for $4,940.19 in the bank for collection, and the same was collected by appellant and appropriated to its own use and benefit, and that it refuses to pay the same to appellee, with the exception of $1,940.19 which was received by appellee. A verdict was instructed for appellee in the sum of $3,000.

[1] The issues in this case are necessarily few and simple, as they can only involve the liability of appellant for money deposited in the bank by appellee, and yet appellant has filed herein briefs containing 75 pages of typewritten matter, 23 pages of which are devoted to what is denominated a "statement of the nature and result of the suit." In that statement are contained a full résumé of the pleadings, followed by a long and tedious statement of the evidence of the different witnesses, statements of what appellant desired to prove but was prevented by the court, and other unnecessary matter. Rule 29 provides that—

"The opening part of the brief for the appellant shall consist of a plain and succinct statement of the nature and result of the suit, not argumentative, but constituting a concise statement of the case."

That 23-page "concise statement" is followed by nine propositions of law, five devoted to the law of partnerships, one to the law

of principal and agent, and others to the assertion that Stockton was the lawful owner of the money deposited in the name of appellee and was authorized to appropriate it, and appellant was not responsible for the conversion of the money by its cashier, Stockton. As a statement under each of the propositions, appellant refers the court to his 23-page statement contained in the opening part of the brief. The brief has been prepared in total disregard of the rules and should not be considered.

[2] The uncontradicted evidence shows that the money sued for was deposited by appellee in his own name with instructions that it should not be paid to any one but the depositor, no one should use the money, and especially that Stockton should not have it. Under this express agreement made with the president of the bank the money was deposited. The president swore that he told appellee "that if he put his money in the bank and got absolute credit for it on the ledger, that Mr. Stockton would have no more right to take his money than he would mine." Appellee got "absolute credit for it on the ledger," and yet Stockton was permitted to and did appropriate it. Appellant is in good conscience and on its express agreement liable for the money. Persuasion was used to obtain the deposit, as appellee felt reluctant to place it in the bank and did so only on the express agreement of the bank not to permit Stockton to appropriate it. Stockton at that time was not a partner of appellee and had no right to or interest in the deposit, and appellant was fully informed of that fact.

The judgment is affirmed.