**BAYLISS v. RANEY et al.   (No. 1784.)**

(Court of Civil Appeals of Texas. El Paso. April 30, 1925.)

**1. Appeal and error ⬤ 1056(1)—Improper exclusion of competent evidence in appellant's favor upon vital issue held reversible error.**

Improper exclusion of competent evidence in appellant's favor upon sharply contested controlling issue is reversible error.

**2. Trial ⬤ 412 — Interrogatory and answer thereto in deposition became competent against party waiving objection thereto by reading them in evidence.**

Interrogatory and answer thereto in deposition became competent for all purposes against party waiving objection thereto by reading them in evidence.

**3. Principal and agent ⬤ 21—Agent may testify to fact of agency or existence of facts from which agency may be inferred, when his authority rests in parol.**

Agent may testify to fact of agency or existence of facts from which agency may be inferred, when his authority rests in parol.

**4. Evidence ⬤ 471(30)—Testimony of witness he acted as agent for defendant in making trade with codefendant held admissible as statement of fact.**

Testimony of witness he acted as agent for defendant in making trade with codefendant held admissible as statement of fact, and, in excluding the testimony as being a conclusion, trial court erred.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by C. Bayliss against R. W. Raney and another. From a judgment against defendant A. S. Everest only, plaintiff appeals. Reversed and remanded.

Oxford & Johnson, of Stephenville, for appellant.

Saunders & Evans, of Breckenridge, for appellee.

---

⬤ For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HIGGINS, J. A. S. Everest, S. A. Cochran, A. E. Bergin, and possibly others, were interested in some oil and gas leases upon which Everest was drilling a well. The latter became indebted to appellant, Bayliss, in the sum of $700 on account of board bills of his employees working upon or in connection with the well. Everest became financially involved and unable to further proceed with drilling operations, whereupon he disposed of his interest in the well and leases to appellee R. E. Raney, the latter agreeing to complete the well. Cochran also disposed of his interest to Raney.

Bayliss sued Everest and Raney, alleging against the latter that as a part of the consideration for the transfer from Everest to Raney the latter assumed the payment of the indebtedness to appellant.

The only issue submitted was as follows:

"At the time defendant R. W. Raney took the Morgan well No. 1 located in Palo Pinto county, from A. S. Everest, did the said Raney agree to pay the board bill of $700 that Everest owed plaintiff, Bayliss, as part of the consideration for said well and oil and gas leases?"

The jury returned a negative answer, whereupon judgment was rendered in favor of Bayliss against Everest and that Bayliss take nothing against Raney. Bayliss appeals.

Cochran testified by deposition as follows:

"R. W. Raney and I had a transaction for A. S. Everest in connection with the Cliff Morgan well and oil and gas lease in the vicinity of Santo, Palo Pinto county, Tex., in the office of Mr. W. E. Saunders, an attorney in Breckenridge, Tex. In this transaction R. W. Raney agreed to take over from A. S. Everest and others certain leases and a well near Santo, in Palo Pinto county, Tex. Mr. Raney agreed to take over from me a standard rig, a gasoline engine, and a quantity of two-inch pipe. The consideration from Mr. Raney to me for taking over this property from me was $850 cash. The consideration for taking over the property from Mr. Everest was that Raney would complete Everest's contract on the said property and that he would settle Everest's obligations for labor and board bills in a satisfactory manner. The board bill of C. Bayliss of $700 owed by A. S. Everest for boarding his men was included in the agreement I have described."

Appellant complains of the action of the court shown by bill of exception No. 2, as follows:

"The plaintiff offered in evidence the ex parte deposition of the defendant A. S. Everest, and the codefendant R. W. Raney objected to the introduction of said depositions because he had had no opportunity to cross them, which objection was considered by plaintiff to be well taken, and the court then and there instructed the jury that said depositions of said witness would be admitted against the defendant A. S. Everest only, and not as against the defendant R. W. Raney. The plaintiff thereupon read in evidence the answers of said defendant A. S. Everest to a number of the questions, but did not offer in evidence the answer of said defendant to direct interrogatories 14 and 15, and the defendant R. W. Raney then and there offered in evidence and had read in evidence for the said defendant R. W. Raney the questions and answers 14 and 15 of the said defendant A. S. Everest, which questions and answers are as follows:

"Int. 14: 'State fully and in detail any conversation you had with said R. W. Raney in connection with the payment of indebtedness that you owed your men for labor, and the said Bayliss for board bill.'

"To the Int. 14, witness says: 'I never had any conversation with Mr. Raney about the indebtedness I owed Bayliss or others.'

"Int. 15: 'Prior to the time the deal was closed with R. W. Raney, did you have a conversation with Mr. Grogan in connection with selling the said rig, lease, and oil well tools and instrumentalities to R. W. Raney? If yea, state whether or not at said time Grogan was acting as the agent of R. W. Rainey.'

"To the Int. 15, witness says: 'I have no conversation with Mr. Grogan, but did have a conversation with Mr. Al Burgen, who I presume is meant by the writer of said depositions instead of Mr. Grogan. I understood that Mr. Burgen was the agent of R. W. Raney, and I agreed with Mr. Burgen that I would turn over the leases in question if Mr. Raney would pay the bills owed, for labor and for board of the laborers and other indebtedness against said lease to which Mr. Burgen agreed. The tools and rig did not belong to me, and I had no agreement with Mr. Burgen regarding them.'

"That thereafter counsel for plaintiff in his closing argument to the jury argued that they would consider the answer of the defendant A. S. Everest to interrogatory No. 15, inasmuch as the same was put in evidence by the counsel for the defendant R. W. Raney.

"Be it further remembered that no objection was interposed to said argument of plaintiff's counsel, and that thereafter, and after the jury had retired to consider of their verdict, they returned in open court, and through their foreman verbally asked the court to have read to them again the deposition of witness S. A. Cochran and of A. S. Everest. The court complied with said request as to the witness Cochran and had his depositions re-read to the jury, but declined the jury's request to have the depositions, or any of them, of the witness A. S. Everest read to the jury, but orally instructed the jury, at said time, that he would render a judgment against defendant Everest in favor of the plaintiff for the amount sued for, and they, the jury, could not consider the evidence or any of it of the defendant A. S. Everest in passing upon the special issue submitted to them, and that none of said testimony was admissible against the defendant R. W. Raney, and none of it should be considered by them against the said defendant R. W. Raney for any purpose.

"Be it further remembered that the jury then retired to their jury room and very shortly thereafter returned into open court their verdict, which constituted a negative answer to the special issue submitted to them by the court, which said special issue and answer of

the jury thereto are as follows, to wit: (Here follows issue and answer.)

"Be it further remembered that counsel for plaintiff, Bayliss, objected to the action of the court in refusing to grant the request of the jury to read the answer of the defendant A. S. Everest to direct interrogatory No. 15, and in instructing the jury not to consider Everest's testimony in passing on 'the issue submitted to them because said action of the court constituted a withdrawal from the jury of testimony which had been legitimately admitted and which was vitally material on the only contested issue in the case, inasmuch as the defendant R. W. Raney had introduced said testimony and had thereby waived his right to cross-examine the said witness Everest and had made the testimony of the said witness evidence for the defendant. R. W. Raney."

According to the plaintiff's theory, Burgen acted for Raney in the negotiations leading up to the taking over of the interest of Cochran and Everest and assuming the completion of the drilling contract of Everest. When the deal was finally closed, Burgen, Cochran, and Raney were present. Everest was not there.

[1] The controlling issue in the case was that submitted by the court. This was sharply contested. The testimony of Cochran and several other witnesses for the plaintiff was in favor of an affirmative answer, whereas the testimony of Burgen, Raney, and perhaps others, supported the negative finding made by the jury. In this condition of the record, the improper exclusion of competent evidence in appellant's favor upon the issue was reversible. Lamar v. Ry. Co. (Tex. Com. App.) 248 S. W. 39.

[2] The answer of Everest to the fifteenth interrogatory was very material upon the issue submitted to the jury. Raney had himself read in evidence the fifteenth interrogatory and its answer, and he thereby waived all objection to the same and the answer became competent evidence against him for all purposes. The court, therefore, erred in refusing to permit the same to be re-read to the jury as they had requested, and also erred in the instruction which he then gave excluding the same from the consideration of the jury in passing upon the issue submitted.

[3, 4] The court also erred in excluding the answer of Cochran to the fourth interrogatory propounded to him, to the effect that he acted as agent for Everest in making the trade with Raney. It is well settled that the agent may testify to the fact of his agency or the existence of facts from which the agency may be inferred when his authority rests in parol. One of the objections urged against the answer was that it was the conclusion of the witness. This is not tenable. The issue of agency frequently involves a mixed question of law and fact. In such cases it is, of course, improper to permit the witness to state his conclusion of agency vel non. But this case presents no such state of facts. The plaintiff's theory was that Cochran acted as his agent in the trade with Raney and Cochran should have been permitted to so state. It was the statement of a fact and not a mere conclusion.

Reversed and remanded.