NACKLINGER & RAYBURN v. PREWITT
et al. (No. 7087.)

Court of Civil Appeals of Texas. Austin.
April 27, 1927.

1. **Appeal and error ⚙⇒742(1)—Sufficient facts and references to record may be set forth in propositions and argument thereunder in brief to authorize their consideration (Court of Civil Appeals rule 31).**

Though under propositions in appellant's brief no statement from the record bearing thereon is set out thereunder, as required by Court of Civil Appeals rule 31, sufficient facts and references to the record may be set forth in the propositions and argument thereunder to authorize their consideration.

2. **Negligence ⚙⇒15—One of two whose negligent acts proximately cause injury may be sued alone.**

Right of one injured to sue singly and recover of one guilty of negligence proximately causing the injury is unaffected by the fact that the concurrent negligence of another proximately contributed to the injury.

3. **Contribution ⚙⇒5—There is no right of contribution between active wrongdoers or joint tort-feasors.**

Where persons causing an injury are active wrongdoers or joint tort-feasors, there is no right of contribution between them.

4. **Appeal and error ⚙⇒930(2)—Jury held presumed to have followed charge not to consider improper evidence excluded.**

There being ample testimony to sustain the finding of negligent driving, and nothing in the jury's findings to show that they were in any way influenced by improper testimony of statement admitted but afterwards excluded, it will be presumed that they followed the court charge not to consider it.

5. **Appeal and error ⚙⇒1060(1)—Argument referring to excluded testimony, if improper, held to amount to immaterial error.**

Argument referring to excluded testimony, by statement that without it there was sufficient evidence of improper driving, if improper, *held* immaterial and not ground for reversal; reason to believe that it affected the jury not being made to appear.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by Angie Prewitt against Nacklinger & Rayburn, who impleaded J. R. Jones and another. From an adverse judgment, defendants appeal. Affirmed.

W. C. Wofford, of Taylor, and Witt, Terrell & Witt, of Waco, for appellants.

Garrett, Brownlee & Goldsmith, of Austin, for appellee Prewitt.

Hart, Patterson & Hart, of Austin, for appellees R. F. Jones and J. R. Jones.

BAUGH, J. Nacklinger & Rayburn were the owners and operators of a bus line between the cities of Austin and Taylor in 1925. On November 9, 1925, one of their cars, shortly after it left the bus station in Austin, and while going west on Thirty-Eighth street in said city, at the intersection of that street and Speedway, collided with another car running south on Speedway. The car of appellants was at the time carrying passengers for hire. Miss Angie Prewitt, one of the passengers, was injured and sued appellants for damages, alleging various negligent acts of their driver in operating the bus and causing the collision. Appellants impleaded R. F. Jones, the owner, and J. R. Jones, the driver, of the car which struck appellants' bus, alleging that their negligence caused the collision and the resulting injuries to Miss Prewitt. The case was submitted to a jury on special issues, in response to which they found that appellants' driver was guilty of negligence at such street crossing in failing to have his car under proper control; in failing to keep a proper outlook; and in driving at a speed in excess of 20 miles per hour, and that such negligence proximately caused plaintiff's injuries. They also found that the Joneses were not guilty of any negligence in the premises. Based upon such findings, the court rendered judgment in favor of plaintiff, Angie Prewitt, against appellants for $4,000, and that appellants take nothing against R. F. and J. R. Jones.

[1] In their brief, appellants assert error under sixteen propositions. Under none of them, however, have they set out any statement from the record bearing upon these propositions, as required by rule 31 for the Courts of Civil Appeals. Appellees object to a consideration of said brief on that ground. It has been uniformly held that the appellate courts will not consider assignments of error not followed by a statement from the record as required by the rules. See article 1844, Vernon's Ann. Stats. 1925, note 65, and numerous cases there cited. Appellants have, however, set forth in some of their propositions and argument thereunder sufficient facts and references to the record to authorize us to consider them.

[2, 3] Under their fifth proposition, appellants complain of the trial court's refusal to submit the issue, on their cross-action, as to whether or not the failure of Jones to sound his horn was negligence proximately causing or contributing to plaintiff's injury. Appellants did plead such negligence of the Joneses in their cross-action, and the evidence showed that the horn on the Jones car was not sounded. But this cannot affect the rights of the plaintiff, Angie Prewitt. She sued appellants alone, charging them with negligence proximately causing her injuries. These issues were submitted to the jury, who found that appellants were guilty

of negligence proximately causing her injuries. Under these pleadings and findings appellants were active wrongdoers, and not merely passive wrongdoers, as they assert in their cross-action against R. F. and J. R. Jones. Their liability to her because of their own negligence having been thus established, the court was not required to submit an issue under which they might claim contribution against J. R. and R. F. Jones. There are no rights of contribution between active wrongdoers or joint tort-feasors, and plaintiff's rights against appellants were not to be affected by such claims. G., H. & S. A. Ry. Co. v. Nass, 94 Tex. 255, 59 S. W. 870; Pullman Co. v. McGowan (Tex. Civ. App.) 210 S. W. 842; Rio Grande, etc., Ry. Co. v. Guzman (Tex. Civ. App.) 214 S. W. 629. This also disposes of appellants' seventh, eighth, and ninth propositions.

[4] The next question raised by appellants under which there is a sufficient statement to entitle it to consideration relates to a statement made by one of the witnesses, who was a passenger on the bus, immediately after the collision. Mr. Knight was allowed to testify, over objection of appellants, that, when he got out from under the overturned bus, he remarked to the bystanders "that we were lucky that we got as far as we did without a wreck, that we had a fool for a driver, and he had been driving like a fool all the way." On cross-examination of the same witness by the attorney for Jones, substantially the same remark was repeated, over appellants' objection. Though admitted over objection at the time, the court in his charge instructed the jury three or four days after said testimony was admitted that said testimony was withdrawn for any purpose, and that same "must not be mentioned, discussed, or considered by the jury for any purpose whatsoever. * * *" Appellants insist, however, that this testimony was highly prejudicial, and that, after its admission over objection, its influence upon the minds of the jurors could not be removed by the general charge, citing Burchill v. Hermsmeyer (Tex. Civ. App.) 262 S. W. 511, and Magee v. Magee (Tex. Civ. App.) 272 S. W. 252.

This testimony was clearly inadmissible, and was, we think, prejudicial. Was its effect on the jury removed by the court's charge? The jury is presumed to have followed the court's instructions. And, unless the appellants were injured by the testimony, the error, if any, is harmless. We have read carefully the statement of facts, and find that there is ample testimony to sustain the findings of the jury on the issue of appellants' negligence. Nor is the amount of the damages assessed excessive. Appellants make no complaint of the amount of the verdict. We find nothing in the findings of the

jury to show that the jurors were in any manner prejudiced or influenced by the improper testimony, even if they considered it at all, and, in the absence of anything tending to show that they did, we must presume that they followed the court's charge and did not consider the excluded testimony.

[5] The only other proposition under which a sufficient statement is set forth for us to consider it is that complaining of the argument of Jones' counsel. The language complained of is as follows:

"Throw out of this case the testimony of my clients the two Joneses, about the speed of the bus; throw out the testimony about what Knight said about Brooks to his face, not to his back—throw that out and you have the testimony that this car was going 40 miles an hour."

Appellants complain that this was an argument on matters not in evidence, and in effect recalling the jurors' attention to the testimony of Knight which had been expressly excluded by the court's charge. It is true that reference is made to the excluded testimony, but, when analyzed, the argument merely amounts to a statement that, independent of anything the witness Knight had said, or that the defendants R. F. and J. R. Jones had testified to, there was evidence that the bus was exceeding the speed limit allowed by law. Even if improper, the error was immaterial. Improper argument is not in itself sufficient ground for a reversal, unless there is reason to believe that it affected the verdict, which is not made to appear in the instant case. Texas Indemnity Ins. Co. v. Wilson (Tex. Civ. App.) 281 S. W. 291; I. & G. N. Ry. Co. v. Irvine, 64 Tex. 535; Ry. Co. v. Washington, 25 Tex. Civ. App. 600, 63 S. W. 541.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.